■ NEW YORK NEWS INC., Respondent, v OFFICE OF THE SPECIAL STATE PROSECUTOR OF THE STATE OF NEW YORK, Appellant.—Judgment, Supreme Court, New York County (Irma Vidal Santaella, J.), entered on or about March 1, 1989, which directed the respondent-appellant to disclose to petitioner-respondent the sworn depositions of 22 staff members of the New York State Attorney-General's office and further directed respondent-appellant to pay attorney's fees and costs, unanimously reversed, on the law and the facts, and the petition dismissed, without costs.

This proceeding grows out of a case involving a young black teen-ager, Tawana Brawley, living in Wappingers Falls, New York, who in November 1987, alleged that she had been abducted and sexually abused by several white men. A Grand Jury was empaneled to examine her allegations. In January 1988, Attorney-General Robert Abrams was appointed by Governor Mario Cuomo as a Special Prosecutor to conduct an investigation. On October 6, 1988 the Grand Jury released a final report. The report found no basis for indicting anyone. Contrary to a statement in the decision of the motion court

that charges against six males were dismissed, no charges were ever brought against anyone.

On September 27, 1988 prior to the release of the Grand Jury report, the New York Times published an article which quoted from "official summaries of evidence" and thus revealed testimony which had been presented to the Grand Jury.

Penal Law § 215.70 prohibits disclosure of matters before a Grand Jury. It reads:

"§ 215.70 Unlawful grand jury disclosure.

"A person is guilty of unlawful grand jury disclosure when, being a grand juror, a public prosecutor, a grand jury stenographer, a grand jury interpreter, a police officer or a peace officer guarding a witness in a grand jury proceeding, or a clerk, attendant, warden or other public servant having official duties in or about a grand jury room or proceeding, or a public officer or public employee he intentionally discloses to another the nature or substance of any grand jury testimony, or any decision, result or other matter attending a grand jury proceeding which is required by law to be kept secret, except in the proper discharge of his official duties or upon written order of the court. Nothing contained herein shall prohibit a witness from disclosing his own testimony."

The Attorney-General commenced an investigation to determine if anyone had violated Penal Law § 215.70. The New York Times invoked the Shield Law (Civil Rights Law § 79-h) and refused to aid in the inquiry. On January 10, 1989 the respondent-appellant issued a report which concluded that there was not legally sufficient evidence to commence a Grand Jury proceeding.

On January 9, 1989, Kevin McCoy, a reporter for the Daily News, the newspaper owned by the petitioner-respondent, sought information concerning the investigation of the leak pursuant to the Freedom of Information Law (FOIL; Public Officers Law art 6). Subsequently, the request was limited to the sworn depositions of 22 staff members of the office of the Attorney-General.

The materials sought are exempt from disclosure both (1) because they have been compiled for law enforcement purposes and could interfere with law enforcement investigations and (2) because they are exempted from disclosure by a State statute.

First, the materials have been compiled for law enforcement purposes and could hinder a law enforcement investigation.

The investigation concerns a leak of information presented to a Grand Jury and whether there has been a violation of the Penal Law. While the January 1989 report of the investigation found that the evidence was not legally sufficient to bring a Grand Jury proceeding, the five-year Statute of Limitations has not run and there is a possibility that the investigation may be reopened. Moreover, it is noted that none of the persons who provided information has had access to the information provided by others.

Public Officers Law § 87 (2) reads in relevant part as follows:

"2. Each agency shall, in accordance with its published rules, make available for public inspection and copying all records, except that such agency may deny access to records or portions thereof that * * *

"(e) are compiled for law enforcement purposes and which, if disclosed, would:

"i. interfere with law enforcement investigations or judicial proceedings;

"ii. deprive a person of a right to a fair trial or impartial adjudication;

"iii. identify a confidential source or disclose confidential information relating to a criminal investigation; or

"iv. reveal criminal investigative techniques or procedures, except routine techniques and procedures".

In *Hawkins v Kurlander* (98 AD2d 14 [4th Dept 1983], *appeal withdrawn* 62 NY2d 804 [1984]), the Fourth Department refused to order disclosure of the interviews of 36 witnesses, including hospital employees, where an investigation into the deaths of hospital patients had not resulted in any Grand Jury proceedings.

Moreover, the information is also exempted under the FOIL exemption for State statutes. To the extent that the investigation of the leak reveals information provided to the Grand Jury in the underlying Wappingers Falls investigation, it is exempt. *(See,* Penal Law § 215.70.) The relevant section of the Public Officers Law (§ 87 [2] [a]) reads as follows:

"2. Each agency shall, in accordance with its published rules, make available for public inspection and copying all records, except that such agency may deny access to records or portions thereof that:

"(a) are specifically exempted from disclosure by state or federal statute".

Finally, we reject the contention of the petitioner-respon-

dent that an insufficient showing of the necessity for nondisclosure has been made. Viewing the entire case, and particularly the possible interference with law enforcement purposes, the hindrance to future investigation, and potential disclosure of material presented to the Grand Jury in the underlying Wappingers Falls case, nondisclosure here is in accordance with FOIL. Concur—Kupferman, J. P., Ross, Carro, Ellerin and Smith, JJ.