[663 NYS2d 339]

In the Matter of WM. J. KLINE & SONS, INC., Doing Business as
HAMILTON COUNTY NEWS, Respondent-Appellant, v COUNTY
OF HAMILTON, Appellant-Respondent.

Third Department, October 16, 1997

APPEARANCES OF COUNSEL

*Charles E. Drake, County Attorney* of Hamilton County, Utica, for appellant-respondent.

*Salmon, Salmon & Goodman, L. L. P.,* Amsterdam *(Fred L. Goodman* of counsel), for respondent-appellant.

## OPINION OF THE COURT

CARPINELLO, J.

This appeal arises out of a request made by petitioner, operator of a newspaper in Hamilton County, pursuant to the Freedom of Information Law (Public Officers Law art 6 [hereinafter FOIL]) for "any tape recordings, transcripts and minutes" of three executive sessions and one special emergency session held by respondent's Board of Supervisors (hereinafter the Board) between April 1, 1993 and October 7, 1993. This request was denied on several grounds, including the ground that the material sought was exempt from disclosure pursuant to Public Officers Law § 87 (2) (a) inasmuch as the executive sessions were called for the purpose of discussing litigation and the emergency session was called for the purpose of discussing legal services rendered.

Thereafter, petitioner was informed that its request was approved by Board Resolution No. 71 subject to the editing of same to redact material relating to any legal proceeding. Approximately six weeks later, however, the Board passed Resolution No. 114 repealing Resolution No. 71 and sustaining the original denial of the records on the ground, *inter alia,* that the sessions contained attorney-client privileged information exempt from FOIL. Petitioner commenced this CPLR article 78 proceeding to compel the requested disclosure. Supreme Court directed that respondent produce the tapes.

The question before us involves the interpretation of Public Officers Law §§ 105 and 106 and the extent to which these provisions preclude public access to tape recordings of executive sessions under FOIL. We begin by noting that the purposes of the Open Meetings Law *(see,* Public Officers Law art 7) and FOIL are parallel. The Open Meetings Law insures that public business is performed in an open and public manner so that the citizens of this State are able to observe the performance of their public officials by attending and listening to the deliberations and decisions that go into the making of public policy *(see,* Public Officers Law § 100). FOIL provides the public with a mechanism by which it has access to the records of govern-

ment officials such that the citizens of this State may understand and participate in government, as well as understand and know the process of governmental decision making (see, Public Officers Law § 84).

Both the Open Meetings Law and FOIL, however, are not without exceptions. For example, a public body may call an "executive session" at which the general public is not permitted to attend (see, Public Officers Law § 102 [3]; § 105). Topics that may be discussed at an executive session are circumscribed by statute and include matters involving proposed or pending litigation (see, Public Officers Law § 105). Under FOIL, a public agency may deny access to records or portions thereof if they are "specifically exempted from disclosure by state or federal statute" (Public Officers Law § 87 [2] [a]). So long as there is a clear legislative intent to establish and preserve confidentiality of records, a State statute need not expressly state that it is intended to establish a FOIL exemption (see, Matter of Capital Newspapers Div. v Burns, 67 NY2d 562, 567; Matter of Farbman & Sons v New York City Health & Hosps. Corp., 62 NY2d 75, 81). We find that such intention can be gleaned from a reading of Public Officers Law §§ 105 and 106 (cf., Matter of Washington Post Co. v New York State Ins. Dept., 61 NY2d 557).

We find it significant that petitioner does not contend that any of the four sessions at issue was conducted in violation of the Open Meetings Law; rather, it attempts to access the tape recordings of these sessions as public records. It makes little sense to permit governmental bodies to meet in private under clearly defined circumstances only to subsequently allow the minutes of those private meetings to be publicly accessed under FOIL. Only in the event that action is taken by a formal vote at an executive session do both FOIL and the Open Meetings Law require a public record of the manner in which each Board member voted (see, Smithson v Ilion Hous. Auth., 130 AD2d 965, 967, affd 72 NY2d 1034). It is uncontradicted that there was no action taken by a formal vote at the subject meetings (see, Matter of Roberts v Town Bd., 207 AD2d 404, 405, lv denied 84 NY2d 811; Matter of Plattsburg Publ. Co. v City of Plattsburg, 185 AD2d 518, 519).

In our view, memorialized discussions at duly convened executive sessions, which do not result in a formal vote, whether consisting of privileged attorney-client communications or otherwise (see, Public Officers Law § 105), are not the type of governmental records to which the public has to be given ac-

cess. While the purpose of FOIL is to lift "the cloak of secrecy or confidentiality" (Public Officers Law § 84) from governmental records which are part of the governmental process, where, as here, confidentiality has been specifically sanctioned by Public Officers Law §§ 105 and 106, the records at issue fall within the exemption of Public Officers Law § 87 (2) (a) and are to be shielded from public disclosure. This is so even though the tape recordings may have been provided without objection to the Hamilton County Grand Jury pursuant to subpoena—an entity whose proceedings are secret and whose records are unavailable to the public under FOIL (*see,* CPL 190.25 [4] [a]; Penal Law § 215.70; *Matter of Mullgrav v Santucci,* 195 AD2d 786; *New York News v Office of Special State Prosecutor,* 153 AD2d 512; *compare, Matter of Previdi v Hirsch,* 138 Misc 2d 436).

We have reviewed the parties' remaining contentions and find them to be unpersuasive.

CARDONA, P. J., MERCURE, WHITE and PETERS, JJ., concur.

Ordered that the judgment is reversed, on the law, without costs, and petition dismissed.