Gregory J. Amoroso, Esq. Informal Opinion Corporation Counsel No. 2000-2 City of Rome City Hall Rome, N Y 13440
Dear Mr. Amoroso:
You have asked whether a municipality has statutory authority, by local law or in its code of ethics to prohibit members of the city council from disclosing matters discussed in executive session. In a subsequent telephone conversation, you informed me that your concern is whether section 806 of the General Municipal Law or the Municipal Home Rule Law authorizes such a prohibition. You also question whether the prohibition is consistent with the State's Open Meetings Law and Freedom of Information Law.
In our view, a municipality, in its code of ethics or through a local law enacted under section 10 of the Municipal Home Rule Law, has statutory authority to prohibit members of its legislative body from disclosing matters discussed in executive session. Although nothing in the Public Officers Law directly prohibits such disclosure, such a prohibition is entirely consistent with the provisions of the Freedom of Information Law and the Open Meetings Law. See Public Officers Law, Articles 6 and 7. Any such restriction on speech would, of course, be subject to further state and federal constitutional requirements.
Section 806 of the General Municipal Law requires that the governing body of a county, city, town, village and school district must adopt a code of ethics setting forth, for the guidance of its officers and employees, the standards of conduct reasonably expected of them. Section 806(1)(a) states that codes of ethics may prohibit disclosure of information.
A local government also is authorized by the Municipal Home Rule Law to enact local laws relating to powers, duties and other terms and conditions of employment of its employees; its property, affairs or government; and the public health, safety and welfare. Municipal Home Rule Law § 10(1)(i) and (ii)(a)(1), (12).
A restriction on disclosure of information discussed in an executive session would further the statutory purposes of executive sessions, as set forth in the Public Officers Law. The "executive session" of the meeting of a public body is "that portion of a meeting not open to the general public." Public Officers Law § 102(3). A local legislative body may conduct an executive session upon a majority vote of its total membership taken in an open meeting pursuant to a motion identifying the general area or areas of subjects to be considered. Public Officers Law § 105(1). The purpose of an executive session is to permit members of public bodies to discuss sensitive matters in private. A review of the subjects that may be discussed in executive session clearly reveals that these are matters which, if disclosed, could jeopardize sensitive negotiations, personal privacy, law enforcement and public safety. An executive session may be held only for the following purposes:
 1. Matters which will imperil the public safety if disclosed;
 2. Any matter which may disclose the identity of a law enforcement agent or informer;
 3. Information relating to current or future investigation or prosecution of a criminal offense which would imperil effective law enforcement if disclosed;
 4. Discussions regarding proposed pending or current litigation;
5. Collective negotiations under the Taylor Law;
 6. The medical, financial, credit or employment history of a particular person or corporation or matters leading to the appointment, employment, promotion or discipline of a person;
 7. Preparation, grading or administration of examinations;
 8. Acquisition, sale or lease of real property or the proposed acquisition of securities or sale or exchange of securities held by such public body but only when publicity would substantially affect the value thereof.
A formal vote to appropriate public money may not be taken at executive session. Id.
Disclosure of matters discussed in executive session would defeat the apparent legislative intent of authorizing local legislative bodies to discuss these limited matters in private. Disclosure would be contrary to the public welfare. A locally enacted provision prohibiting disclosure would thus further the statutory purpose of executive sessions and would promote the public interest. A recent decision of the Appellate Division is instructive in this regard. In that decision, the court held that tape recordings, transcripts and minutes of discussions conducted in executive session may be withheld by the legislative body from the public. Klinev. County of Hamilton, 235 A.D.2d 44 (3d Dep't 1997). The Appellate Division recognized that both the Open Meetings Law and the Freedom of Information Law guarantee public access to governmental deliberations and decisions. Id. at 45. The court also noted, however, that topics discussed in executive session are circumscribed by statute, and that under the Freedom of Information Law (Public Officers Law art 6) a public agency may deny access to records if they are specifically exempted from disclosure by state or federal statutes. Id. at 46, citing Public Officers Law § 87(2)(a). The Appellate Division reasoned that
 [i]t makes little sense to permit governmental bodies to meet in private under clearly defined circumstances only to subsequently allow the minutes of those private meetings to be publicly accessed under FOIL. Only in the event that action is taken by a formal vote at an executive session do both FOIL and the Open Meetings Law require a public record of the manner in which each Board member voted.
Id. The court held:
 In our view, memorialized discussions at duly convened executive sessions, which do not result in a formal vote, whether consisting of privileged attorney-client communications or otherwise (see, Public Officers Law § 105), are not the type of governmental records to which the public has to be given access. While the purpose of FOIL is to lift "the cloak of secrecy or confidentiality" (Public Officers Law § 84) from governmental records which are part of the governmental process, where, as here, confidentiality has been specifically sanctioned by Public Officers Law § 105 and 106, the records at issue fall within the exemption of Public Officers Law § 87(2)(a) and are to be shielded from public disclosure.
Id.
As the Appellate Division noted, minutes are required at executive sessions of any action that is taken by formal vote. Minutes consist of a record or summary of the final determination of such action and the date and vote taken. Public Officers Law § 106(2). A summary need not include any matter which is not required to be made public under the Freedom of Information Law. Id.
Thus, it seems clear that under the Public Officers Law a governing body of a municipality may withhold any records of discussions properly taking place in executive session. Section 806(1)(a) of the General Municipal Law, authorizing municipal codes of ethics that prohibit, inter alia, disclosure of information, is consistent with and reinforces this fact. Accordingly, we conclude that a local legislative body, by local law or in its code of ethics, has statutory authority to prohibit a legislator from disclosing matters discussed in executive session. We emphasize that the decision to go into executive session is discretionary, and that any such prohibition on speech would be subject to state and federal constitutional requirements.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
JAMES D. COLE, Assistant Solicitor General
In Charge of Opinions