OPINION OF THE COURT
Richard M. Platkin, J.
Petitioner U.S. Claims Services, Inc. brings this application pursuant to CPLR article 78, challenging respondents’ denial of a Freedom of Information Law (FOIL) request. Respondents oppose the petition through an answer.
Background
It is the duty of the State Comptroller to maintain a public record of the names and last known addresses of persons appearing to be entitled to abandoned property (Abandoned Property Law § 1401). In addition, the Comptroller shall publish semiannually a statement of abandoned property held by the State, which shall include the names and addresses of persons with an abandoned property claim in an amount of at least $20 {id. § 1402).
On April 1, 2008, petitioner U.S. Claims Services, an asset finder engaged in the business of assisting individuals and institutions in locating and recovering abandoned property, contacted respondent Office of the State Comptroller (OSC), requesting “information on [abandoned property] claims that fall within a [specified] range of dollar values, sorted alphabetically.” Petitioner does not seek the precise dollar amount of individual claims, but does seek a listing of persons having claims falling within a specified range of dollar values (e.g., claims ranging in value from $250 up to $500).
Petitioner’s request, made pursuant to FOIL, was forwarded to respondent Eric Duvall, the Director of Services for the Office of Unclaimed Funds, who denied access to the requested records by letter dated July 2, 2008. The denial letter recited, in pertinent part:
“As you know, under Section 1401 of the New York State Abandoned Property Law (APL) we cannot reveal dollar amounts for unclaimed accounts, unless the claimant has provided proof of entitlement or a satisfactory interest in the funds. Section 1402 of the APL has a $20 threshold for listing accounts and we maintain a $50 threshold for our Internet website. However, in keeping with the spirit of the law, we do not provide segments of the account owner list based on higher dollar amounts. Doing this allows us to maintain the general confidential *925 ity of the funds and helps to minimize any fraudulent claims.”
By letter dated July 10, 2008, petitioner appealed from the above, stating:
“As [petitioner] has made clear, [it] is not requesting disclosure of the specific amount of any item of abandoned property, which that provision prohibits. The agency’s denial letter therefore does not — and cannot — identify any particular statutory requirement compelling disclosure, and so retreats to an argument based on nothing more than the ‘spirit of the law.’ However, this claim flies in the face of the plain language of Abandoned Property Law § 1402, which mandates disclosure of the lists over a specific financial threshold ....
“Next, while it is true that the agency may have a legitimate interest in ‘minimiz[ing] fraudulent claims,’ the withholding of agency records on that ground must be supported by a particularized and specific evidentiary showing that disclosure of the non-claim-specific dollar value ranges requested here . . . would materially increase the risk of fraudulent claims. ... It is unclear — and the agency’s denial sheds no light on — exactly how disclosure of the unclaimed account lists threatens to advance ‘fraudulent claims.’ ”
By letter dated July 30, 2008, Albert W Brooks, the Record Appeals Officer for OSC, affirmed the denial of access to the requested records:
“At present, the only information available to the public with respect to any of the claims amounts is that their value is at least fifty dollars. Your client’s request for a segregation of claims into specific ranges of dollar values, sorted alphabetically, would result in him having Information that significantly narrows the uncertainty regarding the value of the claims to a range of $200 to $250, with respect to claims having a value of $300 but less than $1,000. For claims having a value of $1,000 or more, your client would know the value in any given case is $1,000 or more ....
“While not actually revealing the precise amount of any particular abandoned property claim held by this Office, the requested segregation would provide substantially more information than is now avail *926 able to someone ‘who has not presented this Office satisfactory proof of an interest in or title to [any] such property’ and in my opinion, would essentially be tantamount to revealing ‘the amount of any [such] abandoned property.’ As such, the requested disclosure would constitute a violation of the prohibition set forth in section 1401.”
This application, made pursuant to CPLR article 78, followed.[1]
Analysis
Pursuant to FOIL, all records of a government agency are presumptively available to the public, unless the requested records fall within one of the enumerated exemptions set forth in the FOIL statute (Public Officers Law § 87 [2]; Matter of Encore Coll. Bookstores v Auxiliary Serv. Corp. of State Univ. of N.Y. at Farmingdale, 87 NY2d 410, 417 [1995]). The burden of demonstrating the applicability of a FOIL exemption rests squarely with the government agency (Matter of Daily Gazette Co. v City of Schenectady, 93 NY2d 145, 158-159 [1999]).
At issue on this application is the FOIL exemption from disclosure for records that are “specifically exempted from disclosure by state or federal statute.” (Public Officers Law § 87 [2] [a].) “So long as there is a clear legislative intent to establish and preserve confidentiality of records, a State statute need not expressly state that it is intended to establish a FOIL exemption” (Matter of Wm. J. Kline & Sons v County of Hamilton, 235 AD2d 44, 46 [3d Dept 1997] [citations omitted]).
In this case, respondents rely upon Abandoned Property Law § 1401, which reads as follows:
“The state comptroller shall maintain a public record of all names and last known addresses of the person or persons appearing to be entitled to abandoned property, heretofore paid to the state or hereafter paid or delivered to the state comptroller pursuant to this chapter. Other identifying information set forth in any report or record made or delivered to the state comptroller shall be retained by him but shall be considered confidential and may be disclosed only in the discretion of the state comptroller. The state comptroller shall not reveal the amount of any abandoned property, except to a person who has presented satisfactory proof of an *927 interest in or title to such property.” (Emphasis added.)
Respondents argue that by providing the identity of persons who possess abandoned property claims falling within a “targeted range of values,” they would be disclosing information concerning the amount of these claims to persons lacking an interest in or title to the subject property, in violation of Abandoned Property Law § 1401. Further, respondents observe that under a contrary reading of the statute, future FOIL requesters could seek even narrower target ranges, thus disclosing even more precise information concerning the value of abandoned property claims.
In opposition, petitioner first argues that the statute does not prohibit the disclosure of claims falling within targeted ranges, but only the disclosure of the precise “amount” of such claims. Second, petitioner contends that in the event that future FOIL requesters target unduly narrow ranges of claims, OSC would have the discretion under Abandoned Property Law § 1401 to decline to produce such records. Finally, petitioner asserts that the State Comptroller’s own Web site and publications provide similar information to the public.
The starting point in any case involving statutory construction is, of course, the plain language of the statute. In this case, Abandoned Property Law § 1401 prohibits the Comptroller from “reveal[ing] the amount of any abandoned property” (emphasis added) claim to third parties, such as petitioner. However, the statute does not specify whether this limitation applies only to disclosure of the precise dollar value of the claim, as petitioner argues, or whether it applies more broadly to the disclosure of the approximate amount of claims falling within a specified range, as respondents contend.
Given that the statutory text does not speak clearly to the novel “targeted range” approach utilized by petitioner, the issue then becomes whether the State Comptroller’s construction of Abandoned Property Law § 1401 is rational and reasonable. After all, the State Comptroller is the executive branch official charged with responsibility for executing and enforcing the Abandoned Property Law, and the Abandoned Property Law specifically authorizes the Comptroller to “make such rules and regulations as he may deem necessary to enforce [its] provisions” (Abandoned Property Law § 1414). Under these circumstances, the State Comptroller’s interpretation of the statute, if rational, is entitled to deference (see Paramount Communications v Gibraltar Cas. Co., 90 NY2d 507, 513 [1997]).
*928 The court concludes that the State Comptroller’s construction of Abandoned Property Law § 1401 as prohibiting the disclosure of abandoned property claims that fall within a targeted range of amounts is a reasonable method of giving effect to the Legislature’s expressed intent of withholding from third parties information concerning the value of abandoned property claims. By providing petitioner with a list of persons having claims falling with a targeted range of values, respondents would be revealing the “amounts” of such claims, at least in approximate terms, thereby implicating many of the same concerns, including the prevention of fraud and abuse, that would arise from disclosing the precise dollar amount.
Further, petitioner identifies no principled basis for allowing access to the targeted ranges that it seeks, while denying future FOIL requesters access to ever more narrowly drawn ranges. Indeed, subsequent FOIL requests using the same ranges sought by petitioner but offset in a calculated manner could be used to ascertain more specific information concerning the value of claims.[2]
In this connection, the court rejects petitioner’s contention that the second sentence of Abandoned Property Law § 1401 would give the Comptroller discretion to reject more narrowly drawn FOIL requests. The first sentence of the cited statute directs the Comptroller to “maintain a public record of all names and last known addresses of the person or persons appearing to be entitled to abandoned property.” The second sentence then goes on to provide that “[o]ther identifying information set forth in any report or record made or delivered to the state comptroller shall be retained by him but shall be considered confidential and may be disclosed only in the discretion of the state comptroller.”
Reading the statute as a whole, it is apparent that information as to whether a claim falls into a targeted range of values may not be considered “identifying information” under the statute. Having required the Comptroller to disclose the names and last known addresses of persons apparently entitled to *929 abandoned property in the statute’s first sentence, it is clear that the second sentence makes other identifying information of such persons, such as their telephone numbers or social security numbers,[3] presumptively confidential, but subject to disclosure in the exercise of the Comptroller’s discretion. Rather, the amount of the claim is not governed by either of these sentences, but instead by the third sentence, which establishes an absolute bar to disclosure of the amount of abandoned property claims.[4]
Finally, the court rejects petitioner’s contention that OSC’s voluntary disclosures of information concerning abandoned property claims compels the granting of the subject FOIL request. As noted supra, Abandoned Property Law § 1402 requires semiannual reports listing the names and addresses of persons apparently possessing claims valued at $20 or more. In addition, in order to “maximize the identification and return of property to the rightful owners,” the Comptroller voluntarily
“produces a searchable database of names and last known addresses of persons appearing to be entitled to abandoned property ... of more than fifty dollars . . . that was received by the OSC after 1984. This searchable database, updated monthly, is available on the Comptroller’s . . . web site . . . and is available on CD-Rom . . . .”
Petitioner argues that as a result of OSC’s publication of these two lists, one using the statutory $20 threshold and the other using a $50 threshold, respondents have, in effect, disclosed the identities of persons having claims valued at between $20 and $50. According to petitioner, this range is narrower than any range that it seeks.
The court finds this argument unavailing. It is the statutory responsibility of the Comptroller to publish lists using the $20 threshold. And the propriety of the Comptroller’s administrative action in publishing an on-line version of the list using a $50 threshold is not before this court for judicial review. And as respondents correctly observe, if the Comptroller’s decision to use a somewhat higher threshold for filtering out de minimis *930 claims on its Web site is ultra vires, “then the proper remedy is not to force the OSC to further violate the statute repeatedly by granting this petition.”
Having concluded that the State Comptroller’s construction of Abandoned Property Law § 1401 as prohibiting the disclosure of abandoned property claims that fall within targeted ranges of amounts is rational and reasonable, it follows that the requested records are “specifically exempted from disclosure by state or federal statute.” (Public Officers Law § 87 [2] [a].) Accordingly, respondents have met their burden of establishing that disclosure of the requested records properly was withheld.
Accordingly, the petition is denied in its entirety. In light of this determination, petitioner’s request for attorney fees and costs is hereby denied as academic.

. Having reviewed the parties’ comprehensive written submissions, the court has determined that oral argument in this matter is unnecessary.

. By way of example, suppose petitioner were provided a list of persons possessing claims valued at between $250 and $500. Suppose a subsequent FOIL request were then made seeking the names of persons having claims valued at between $375 and $625. Using both responses, it would be a simple matter to determine which persons have claims of between $250 and $375 or between $375 and $500. Thus, each subsequent request, if properly drawn, could increase the specificity of the information on a particular person’s claim by a factor of two, even if each request ostensibly used the same $250 range.

. The court recognizes that Social Security numbers are governed by additional restrictions under federal and state law.

. If petitioner were correct on this point, the court would conclude that the Comptroller’s decision to deny petitioner access to the requested records for the reasons set forth in the two FOIL denial letters should be upheld as a valid exercise of discretion.