■ In the Matter of JOHN B. SCHAMEL, JR., Appellant, v BOARD OF EDUCATION OF THE WAVERLY CENTRAL SCHOOL DISTRICT, Respondent.—Appeal from a judgment of the Supreme Court at Special Term, entered August 12, 1977 in Tioga County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, seeking to compel the respondent to resubmit its 1976-1977 budget to the voters of respondent school district. On May 27, 1976, the respondent, at a meeting open to the public, approved a budget for the school year 1976-1977 totaling $4,520,591. At the annual meeting of the respondent district held on June 15, 1976, the voters of the district defeated the proposed budget. On June 23, 1976, respondent voted, pursuant to law, that a contingency budget of $4,390,920 to pay salaries and contingent expenses, be adopted (Education Law, § 2023). Petitioner alleges that a fund balance of $145,000 was included as part of revenue in the original budget for the 1976-1977 school year as presented to the voters on June 15, 1976, but that the actual fund balance which existed at the end of the 1975-1976 fiscal year was $301,000, and that the difference of $156,000 has not been used for expenditures, nor has it been used to reduce the 1976-1977 tax liability imposed on the school district taxpayers. On July 30, 1976, respondent submitted reports to the Department of Education which set forth an estimated fund balance on July 30, 1976 of $145,000, and a general fund balance sheet showing a fund balance of $301,422.21. Respondent claims that the $302,442.21 fund balance has for its purpose, and purports to reflect only the actual working cash on hand on June 30, 1976, the last day of the respondent's fiscal year. The Education Law requires that a report be filed at the end of the school fiscal year, which is June 30 of each year, showing the actual amount of cash on hand which amount is referred to as the fund balance (Education Law, §§ 2116-a, 2117). The cash balance on hand on the last day of the fiscal year is subject to such commitments as may be owing or may become due by virtue of the budget approved for the preceding fiscal year. Taking into consideration all of such commitments, respondent estimated a revenue surplus of $145,000 for the 1976-1977 fiscal year. The actual fund balance after deduction of such commitments was reduced to $31,995.85. The first and main issue is whether petitioner has exhausted his administrative remedies prior to recourse to the courts. Section 1721 of the Education Law requires the school board of a union free school district to keep an accurate record of all its proceedings, and to publish once a year, in either July or August, a full and detailed account of all moneys received by the board and all moneys expended, giving the items of expenditures in full. Subdivision (s) of section 170.2 of the commissioner's regulations (8 NYCRR 170.2 [s]) sets forth the required information to comply with section 1721 of the Education Law. Thus, the

respondent's accounting requirements are matters within the expertise and cognizance of the Commissioner of Education who is charged with general supervision of the acts of the respondent. Section 310 of the Education Law provides that "Any person conceiving himself aggrieved may appeal or petition to the commissioner of education who is authorized and required to examine and decide the same". In *Matter of Vetere v Allen* (15 NY2d 259), the court stated (p 265): "The purpose of the grant of quasi-judicial powers under section 310 of the Education Law is 'to make all matters pertaining to the general school system of the state within the authority and control of the department of education and to remove the same as far as practicable and possible from controversies in the courts' *(Bullock v. Cooley,* 225 N. Y. 566 * * *). * * * 'But in passing upon the propriety of educational policy by a particular school board or school district, he acts in a broader capacity than the courts, by reviewing at times administrative acts of discretion of which a court would refuse to take cognizance.'" Mandamus is a drastic remedy resting in the court's sound discretion, and may only be granted when the right thereto is clear and unequivocal *(Matter of Flower City Nursing Home v Reed,* 55 AD2d 826). It has been held that school district budget matters are within the purview of departmental appeals, and the courts have no power to review discretionary matters committed by law to the judgment of the school board, unless there is an abuse of discretion, or act in an arbitrary or capricious manner. "The remedy for dissatisfaction on this score is the ballot, or in some cases an appeal to the Commissioner of Education, whose powers in this regard are somewhat broader than those of the court. * * * The court has no power to order a resubmission of the budget in the absence of a clear legal right to that relief". *(Matter of Leeds v Board of Educ.,* 19 Misc 2d 860, 861, 862, affd 9 AD2d 905.) In the *Matter of Wilson v Board of Educ.* (276 App Div 482, 483), the court stated: "The order sought by petitioner is one in the nature of the former writ of mandamus to compel performance of an alleged duty imposed by law. Such an order is available 'only in cases where other remedies fail and the conditions surrounding its use are not found in the ordinary suit at law. The burden is thrown on the applicant for the order to demonstrate the necessity and the propriety of its use'. *(Matter of Coombs v. Edwards,* 280 N. Y. 361.)" Petitioner has failed to establish a clear legal right to the relief sought; his initial remedy was by way of an appeal to the Commissioner of Education prior to a proceeding in the courts; and his application for relief in the nature of mandamus is without foundation. Judgment affirmed, without costs. Sweeney, J. P., Kane, Staley, Jr., Larkin and Mikoll, JJ., concur.