*1016 OPINION OF THE COURT
Memorandum.
The judgment appealed from and the order of the Appellate Division brought up for review should be reversed, with costs, and judgment granted declaring that the action of the Board of Education of the City of New York to reacquire and remodel a former school building was valid.
It is well established that a taxpayer action pursuant to section 51 of the General Municipal Law lies “only when the acts complained of are fraudulent, or a waste of public property in the sense that they represent a use of public property or funds for entirely illegal purposes” (Kaskel v Impellitteri, 306 NY 73, 79; see Gaynor v Rockefeller, 15 NY2d 120,133-134; Stahl Soap Corp. v City of New York, 5 NY2d 200, 204; Talcott v City of Buffalo, 125 NY 280, 288). Plaintiffs here allege only that defendant board of education failed to specify in detail, as required by subdivision 3 of section 2556 of the Education Law, its reasons for approving the reacquisition and remodeling of a former school building and the cost thereof. A failure to observe these statutory provisions does not constitute the fraud or illegality necessary to support a taxpayer action pursuant to section 51. To hold otherwise “would subject the discretionary action of all local officers and municipal bodies to review by the courts at the suit of the taxpayers, a result which would burden the courts with litigation, without increasing the efficiency of local administration” (Talcott v City of Buffalo, supra, at p 288). Nor do any of plaintiffs’ other allegations constitute waste within the meaning of the statute.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Fuchsberg, Meyer and Simons concur.
Judgment appealed from and order of the Appellate Division brought up for review reversed, with costs, and judgment granted in accordance with the memorandum herein.