■ PETER D. SCHWARZ et al., Respondents, v NEW YORK

STATE DEPARTMENT OF TRANSPORTATION et al., Appellants. (Appeal No. 2.)—

Although State Finance Law § 123-c (4) provides that citizen-taxpayer actions "shall be promptly determined", the record reveals that the court, without a trial, resolved disputed factual issues relating to the level of noise and the properties affected in plaintiffs' favor "on the papers alone", and entered final judgment on the merits. That was error (see, Matter of New York State Assn. of Plumbing-Heating-Cooling Contrs. v Egan, 65 NY2d 793).

Since neither party sought an accelerated judgment as a matter of law, we do not reach the issue whether the "facts" found by Special Term would constitute a violation of State Finance Law article 7-A. We note, however, that a citizen-taxpayer action lies " 'only when the acts complained of are fraudulent, or a waste of public property in the sense that they represent a use of public property or funds for entirely illegal purposes' " (Mesivta of Forest Hills Inst. v City of New York, 58 NY2d 1014, 1016; Kaskel v Impellitteri, 306 NY 73, 79; Fisher v Biderman, 141 Misc 2d 804, 809).

All concur, Davis, J., not participating. (Appeal from judgment of Supreme Court, Monroe County, Provenzano, J.—taxpayer action.) Present—Dillon, P. J., Callahan, Pine, Balio and Davis, JJ. [See, — AD2d — (May 11, 1990).]