■ In the Matter of TOWN OF CAIRO TAXPAYERS GROUP et al., Respondents, v TOWN OF CAIRO et al., Respondents, and FINNEGAN ASSOCIATES, INC. OF CAMBRIDGE, MASSACHUSETTS, Appellant. [635 NYS2d 814] —Spain, J. Appeal from a judgment of the Supreme Court (Connor, J.), entered August 26, 1994 in Greene County, which, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, *inter alia*, denied a motion by respondent Finnegan Associates, Inc. of Cambridge, Massachusetts to dismiss the complaint/petition for, *inter alia*, failure to state a cause of action.

Petitioners consist of an association of property owners and residents of the Town of Cairo, Greene County, as well as individual residents and property owners. In 1990, the respondent Town of Cairo and respondent Finnegan Associates, Inc. of Cambridge, Massachusetts entered into a contract in which Finnegan agreed to assist the Town in revaluing the assessments for properties located within the Town. The assessments that were included in the 1992 tentative assessment roll reflected a culmination of Finnegan's work, the Town Assessor's review of that work and other factors typically employed by the Town Assessor. The assessments as established by the Town in 1992 were carried forward by the Town on the 1993 assessment roll. As a result of the 1992 assessments, many of the individual petitioners discovered dramatic increases in their real property assessments.

Petitioners commenced this combined CPLR article 78 proceeding and action for declaratory judgment seeking an order declaring the 1993 assessment roll of the Town unconstitutional and further directing that the Town develop a plan updating the assessment roll in a proper manner. Concerning Finnegan, petitioners requested that the contract between Finnegan and the Town be declared null and void and that, under General Municipal Law § 51, any and all funds paid to Finnegan be recovered. Finnegan moved to dismiss the petition/complaint (hereinafter petition) on the grounds, *inter*

*alia*, that the petition failed to state a cause of action, that Supreme Court did not have jurisdiction of the proceeding, that petitioners lacked legal capacity to sue and that the proceeding was barred by the Statute of Limitations. Petitioners cross-moved for leave to amend the petition. Supreme Court denied Finnegan's motion to dismiss and also denied petitioners' cross motion to amend their petition. Finnegan appeals.

We reverse. Initially, it is settled law that an expert appraiser, hired by a municipality to review property values in its process of revaluation, owes no duty to the property owners in the municipality and therefore the expert cannot be held liable by the property owners (*see, Samuels v Town of Clarkson*, 91 AD2d 837, 837-838). The assessor in a municipality has the ultimate responsibility of compiling all relevant information and investigating all factors so as to establish a proper tax roll (*see, Matter of Sterling Estates v Board of Assessors*, 66 NY2d 122, 125). However, General Municipal Law § 51 authorizes an action against an agent of a town "to prevent any illegal * * * act" by the agent "or to prevent waste or injury to * * * any * * * funds" of the town. An action pursuant to this statute is appropriate " 'only when the acts complained of are fraudulent, or a waste of public property in the sense that they represent a use of public property or funds for entirely illegal purposes' " (*Mesivta of Forest Hills Inst. v City of New York*, 58 NY2d 1014, 1016, quoting *Kaskel v Impelliteri*, 306 NY 73, 79, cert denied 347 US 934).

In our view petitioners' allegations that the assessments established by the Town Assessor are illegal and that Finnegan engaged in fraud, illegal acts and waste in the performance of the contract are insufficient to convert what is essentially a claim that Finnegan breached the contract into a claim under General Municipal Law § 51. The petition does not allege that the municipality lacked the authority to enter into the contract with Finnegan or that the contract was executed for an entirely illegal purpose or was otherwise invalid. Rather, the gravamen of petitioners' claim is that the performance of Finnegan under the contract was inadequate and improper, resulting in an inaccurate revaluation, and that the Town Assessor's reliance on the inaccurate revaluation by Finnegan resulted in illegal assessments. General Municipal Law § 51 does not provide a remedy for taxpayers who are dissatisfied with the performance of a contractor under a contract with the municipality in which the taxpayers reside (*see, Herzog v Town of Thompson*, 216 AD2d 801). Neither the contract nor Finnegan's actions pursuant thereto represent the use of public funds for entirely

illegal purposes necessary to maintain an action under General Municipal Law § 51 (*see, Mesivta of Forest Hills Inst. v City of New York*, 58 NY2d 1014, 1016, *supra*). Based on the foregoing, we need not address Finnegan's remaining contentions.

Cardona, P. J., White, Casey and Yesawich Jr., JJ., concur. Ordered that the judgment is reversed, on the law, without costs, motion granted and petition dismissed against respondent Finnegan Associates, Inc. of Cambridge, Massachusetts.