■ In the Matter of ADAM URBANSKI, as President of the Rochester Teachers Association, et al., Appellants, v CITY OF ROCHESTER et al., Respondents. [885 NYS2d 555]—

Appeal from a judgment (denominated order) of the Supreme Court, Monroe County (William P. Polito, J.), entered May 9, 2008 in a proceeding pursuant to CPLR article 78. The judgment, inter alia, dismissed the amended petition against respondents City of Rochester, Robert J. Duffy, as Mayor of City of Rochester, and Lois J. Giess, as President of City Council of City of Rochester.

It is hereby ordered that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Petitioners commenced this CPLR article 78 proceeding seeking, inter alia, to compel respondents City of Rochester (City), the City's Mayor and the President of the City Council (collectively, City respondents) to appropriate funding for respondents Rochester City School District (School District) and the Board of Education of the Rochester City School District (collectively, School District respondents) for the 2007-2008 fiscal year, pursuant to Education Law § 2576 (5-b). The City budgeted a total of $119,100,000 to the School District, $108,061,200 of which was to be funded by real estate taxes and the remaining $11,038,800 of which was designated as "City School District Innovation Fund Funded by Sales Tax." The petition challenged the City's determination that the " 'city amount' " of the 2007-2008 budget was only $108,061,200 (Education Law § 2576 [5-b] [a] [ii]), the amount funded by real estate taxes. According to petitioners, the correct "city amount"

was $119,100,000, the total amount paid by the City to the School District in 2006-2007 (*see* § 2576 [5-b] [b]), and it was improper to fund any portion of that $119,100,000 through sales taxes because, pursuant to Education Law § 2576 (5-b) (a) (i) and (ii), the " 'city amount' " must be funded by " 'city funds,' " which cannot include county sales tax revenues shared with the City. The School District respondents in turn asserted a cross claim against the City respondents alleging, inter alia, that they were in violation of the "Maintenance of Effort Statute" by providing only $108,000,000 for 2007-2008 rather than the $119,100,000 provided in the prior base year.

As relevant on appeal, Supreme Court granted that part of the motion of the City respondents to dismiss the amended petition against them on the ground that petitioners did not have standing to challenge the issue raised, and did not suffer any damage as a result thereof. The court denied that part of the motion of the City respondents to dismiss the cross claim of the School District respondents asserted in their amended answer. Respondents, however, thereafter entered into a stipulation of discontinuance with respect to the cross claim of the School District respondents whereby they agreed, inter alia, that the correct "city amount" for the 2007-2008 fiscal year was $119,100,000 and that the School District respondents' cross claim was moot and thus was withdrawn.

We reject the City respondents' contention that this appeal by petitioners has been rendered moot based on the stipulation of discontinuance. In that stipulation, respondents agreed that "the initial base year, city amount, including city payments to bond and note holders for debt service payments of the . . . School District under Education Law § 2576, [(5-b) (a)] (ii) as of June 30, 2007 was the sum of $119.1 million . . . ." Pursuant to Education Law § 2576 (5-b) (a) (ii), however, the " 'city amount' " cannot include "city payments to bond or note holders for debt service payments of such district."

Nevertheless, we conclude that the court properly granted that part of the motion of the City respondents to dismiss the amended petition against them. As the court properly determined, petitioners lack standing to challenge the 2007-2008 City budget. Because the City paid the School District $119,100,000 for the 2007-2008 fiscal year, petitioners failed to demonstrate that "they have suffered an injury in fact" (*Matter of Transactive Corp. v New York State Dept. of Social Servs.*, 92 NY2d 579, 587 [1998]; *see generally Matter of Graziano v County of Albany*, 3 NY3d 475, 479 [2004]). Further, petitioner Paula Givens does not have taxpayer standing pursuant to General

Municipal Law § 51. "[A] taxpayer action pursuant to section 51 of the General Municipal Law lies 'only when the acts complained of are fraudulent, or a waste of public property in the sense that they represent a use of public property or funds for entirely illegal purposes' . . . [, and a] failure to observe . . . statutory provisions does not constitute the fraud or illegality necessary to support a taxpayer action pursuant to section 51" (*Mesivta of Forest Hills Inst. v City of New York*, 58 NY2d 1014, 1016 [1983]). Finally, because the City's budget appropriation could be challenged by the School District, Givens does not have common-law taxpayer standing (*see Transactive Corp.*, 92 NY2d at 589; *Boryszewski v Brydges*, 37 NY2d 361, 364 [1975]). Present—Scudder, P.J., Martoche, Peradotto, Carni and Gorski, JJ.