OPINION OF THE COURT
Randy Sue Marber, J.
The motion submitted by the defendant, Pless M. Dickerson (hereinafter referred to as Dickerson), seeking an order pursuant to CPLR 3211 (a) (2), (7) and (10) dismissing the plaintiffs complaint or, in the alternative, an order pursuant to CPLR 3212 granting the defendant summary judgment dismissing the plaintiffs complaint, and the cross motion submitted by the plaintiff seeking to amend his complaint to apparently change two words in the second cause of action of the complaint, are determined as hereinafter provided.
In this action, the plaintiff, as a resident of Nassau County, alleges that the defendant, Dickerson, allegedly a former member of the Westbury Union Free School District Board of Education, vacated his seat by failing to serve in accordance with Education Law § 2109 by neglecting to attend three successive, meetings without a valid excuse. The plaintiff alleges that Dickerson has nevertheless continued to hold himself out as a School Board member and participate in purported School Board meetings and activities, including resolutions which are null and void due to his termination as a member. The plaintiff seeks to permanently enjoin the defendant from acting as a School Board member and also seeks a declaration that any actions taken by him on or after July 13, 2010 are null and void and without legal effect.
The pertinent facts are as follows:
On May 18, 2010, an election was held to fill, the upcoming vacancies of three School Board members’ terms, Floyd T. Ewing III, Lawrence F. Zaino and Larry D. Wornum, whose terms were to expire at the end of the school year on June 30, 2010. Seven candidates ran for the three positions; Mr. Wornum was the only incumbent who ran. The winners of that election were Siela A. Bynoe, Leslie F. Davis and Rodney Caines.
On or about June 7, 2010, before the incumbent School Board members’ terms expired, the incumbent School Board declared *597 the seats held by two of the incumbents, Floyd T. Ewing III and Lawrence F. Zaino, as well as the seat held by Pless M. Dickerson, “vacant” based on their having missed three consecutive School Board meetings without valid excuses. Mr. Dickerson filed a petition with the New York State Commissioner of Education (Commissioner) challenging that declaration regarding his seat on June 10, 2010. On June 21, 2010, the Commissioner granted a stay of the School Board’s declaration regarding his seat. That day, the School Board, consisting of only Wornum, Campbell, Brown and Lanzilotta, appointed Rod Bailey to fill one of the seats which had been declared vacant.
On July 4, 2010, at a special meeting called by the interim School Board president, Karen B. Campbell, the incumbent School Board passed a resolution postponing its annual reorganization meeting which had been set at its prior reorganization meeting which was held on July 1, 2009, from July 7, 2010 to July 14, 2010.
The newly elected School Board members, Bynoe, Davis and Caines took their oaths of office on July 6, 2010, which were filed with the district clerk. That day, Mr. Dickerson called for a special meeting of the School Board on July 7, 2010. A quorum was present at the meeting on July 7, 2010 and a resolution was passed rescinding the School Board’s resolution declaring Mr. Dickerson’s seat vacant because he had provided an adequate explanation for his School Board meeting absences. That day, following the special meeting, the newly elected School Board immediately held its reorganization meeting which had been scheduled as of July 1, 2009. The newly elected members renewed their oaths of office and passed a resolution rescinding the resolution which had been adopted by the incumbent School Board on July 4, 2010 rescheduling the reorganization meeting from July 7, 2010 to July 14, 2010, and elected Pless Dickerson president.
On or about July 7, 2010, the incumbent School Board commenced a CPLR article 78 proceeding in Albany County against the Commissioner entitled Westbury Union Free School Dist. v David M. Steiner, Commissioner of the State of N.Y. Dept. of Educ., seeking to vacate the stay that the Commissioner had granted Pless Dickerson protecting his status as School Board member and sought, to compel a decision of Mr. Dickerson’s appeal. By letter dated July 13, 2010, Mr. Dickerson sought to withdraw his petition before the Commissioner based upon the School Board’s rescission of the resolution which declared his *598 seat vacant. That request was officially accepted by the Commissioner that day and Mr. Dickerson’s proceeding was immediately discontinued.
In defiance of the July 6, 2010 swearing in of the newly duly elected board members and their ensuing actions, the incumbent School Board held its own annual reorganization meeting (which had been cancelled by the newly elected Board members) on July 14, 2010. Those in attendance resolved to have C. Robinson & Associates represent the School Board to pursue the litigation pending in Albany County against the Commissioner. The meeting was then adjourned to July 15, 2010 to provide the newly elected members an opportunity to be sworn in. On July 16, 2010, the newly elected School Board moved by order to show cause in Albany County to remove C. Robinson & Associates as attorneys for the School District. That same day, the incumbent School Board moved by order to show cause in Albany County to enjoin the newly elected School Board from taking any actions on behalf of the School District and to invalidate any meetings held and/or resolutions made by it, including their substitution of Jaspan Schlesinger, LLP for C. Robinson & Associates. Injunctive relief against the newly elected officers was sought via that motion.
The incumbent School Board posted a notice of a special meeting to be held on July 22, 2010 on the door of the School District’s Administration Building. A temporary restraining order restraining Larry D. Wornum and Rod Bailey from acting as School Board members was granted by order of this court dated July 26, 2010 in the matter entitled Board of Educ. for the Westbury Union Free School Dist. v Larry D. Wornum and Rod Bailey, under index No. 014014/10.
In view of Pless Dickerson’s withdrawal of his petition before the Commissioner, the proceeding pending in Albany County was rendered moot. In fact, by order dated November 17, 2010, the proceeding commenced by the School District in Albany County was dismissed by the Supreme Court, Albany County based on, inter alia, mootness.
On or about August 5, 2010, School Board members Karen B. Campbell and Rocco Lanzilotta filed a petition with the Commissioner seeking a determination that the new Board members had not been properly sworn in to office and thus the actions they took were not valid. The petition sought to nullify the action taken by the Board on July 7, 2010 which rescinded the prior resolution. This petition was denied on June 8, 2011.
*599 Plaintiffs First Cause of Action Seeking a Permanent Injunction
The plaintiff in his first cause of action seeks a permanent injunction enjoining the defendant from holding himself out as a Board Member of the Westbury Union Free School District Board of Education. The plaintiff is in effect requesting that this court declare that the actions taken by the Board at its July 7, 2010 and July 9, 2010 meetings unauthorized as they were “not duly constituted meetings.” The defendant argues that the plaintiff is, in effect, seeking to remove the defendant from office. The removal of a Board member, the defendant contends, is an action which is solely within the jurisdiction of the Commissioner of Education.
In support of its motion to dismiss pursuant to CPLR 3211 (a) (2), the defendant argues that the court lacks subject matter jurisdiction of the plaintiffs first cause of action. The defendant’s counsel cites to section 1709 (18) of the Education Law which empowers a board of education to remove a member of the board for official misconduct. Also cited are sections 306, 1706 and 2559 of the Education Law which empower the Commissioner of Education to remove a board member for “cause shown” or “any wilful violation or neglect of duty.”
In opposition to the defendant’s motion to dismiss the plaintiffs first cause of action, the plaintiff contends that the actions taken by the Board at its July 7, 2010 and July 9, 2010 meetings violated the Open Meetings Law and Robert’s Rules of Order. The plaintiff argues that according to Board policy, Robert’s Rules of Order and the Open Meetings Law, the Board could not have met on July 7, 2010 and the ratification of the Board’s vote on July 9, 2010 could not occur. The plaintiff contends that the Commissioner of Education is not empowered to address the Open Meetings Law allegations. The plaintiff avers that his complaint seeks injunctive relief against the defendant and not the Board of Education. In that instance, the plaintiff argues this court has jurisdiction to render a judgment declaring the actions of the Board of Education in accepting the defendant’s excuses as to his absence from meetings as having been improper. The plaintiff maintains that he is not seeking to have the defendant removed as a Board member, but is only seeking to have the Board’s actions declared invalid.
Replying to the plaintiffs characterization that the Board’s actions on July 7, 2010 and July 9, 2010 failed to comply with Robert’s Rules of Order, Board policy and the Open Meetings *600 Law, the defendant’s counsel states that the Board did not “reconsider” the action previously taken but “rescinded” the prior resolution. This action, he contends, does not require a person who voted for the prior resolution which is being sought to be rescinded to call for the meeting and move the resolution.
This court lacks jurisdiction to invalidate the defendant’s position on the School Board. That jurisdiction falls solely within the Commissioner of the New York State Board of Education’s exclusive domain or the School Board’s. (See Education Law §§ 306, 1706; 8 NYCRR 277.2; Education Law § 1709 [18]; § 2109.) The court agrees with counsel for the defendant. The actions taken by the Board of Education on June 7, 2010 which resulted in the determination that the defendant vacated his position on the Board was rescinded by the Board on July 7, 2010 and was ratified by the Board on July 9, 2010. The plaintiffs first cause of action seeks a determination that the defendant should be removed as a member of the Board of Education. That action is solely within the jurisdiction of the Commissioner of Education and this court is without jurisdiction to render a judgment removing the defendant from his position on the Board of Education. As such, the plaintiffs first cause of action should be dismissed pursuant to CPLR 3211 (a) (2).
Plaintiffs Second Cause of Action
The plaintiffs second cause of action seeks a declaration by the court that the defendant had no authority to act as a Board member once he withdrew his appeal to the Commissioner of Education of the Board’s June 7, 2010 determination that he had vacated his seat on the Board. The defendant moves to dismiss this cause of action pursuant to CPLR 3211 (a) (10) on the basis that the plaintiff failed to name the Board of Education as a necessary party. Additionally, the defendant seeks dismissal of the plaintiffs second cause of action asserting that it fails to state a cause of action pursuant to CPLR 3211 (a) (7). The defendant’s counsel asserts that the plaintiffs second cause of action can only be pleaded against the Board that took the action complained of.
In opposition to this branch of the defendant’s motion, the plaintiff contends that the relief requested is proper in that he is only asking the court to declare that any resolutions voted on by the defendant be deemed null and void.
There is no distinction between the defendant and the Board of Education. While an individual votes, a Board passes *601 or rejects a resolution. The plaintiff may not seek a declaration that the defendant acted without authority without calling into question the actions of the Board of Edúcation. As such, the Board of Education is a necessary party. The failure to name the Board of Education as a party to this action results in the action being dismissed pursuant to CPLR 3211 (a) (10). Additionally, the plaintiff may not obtain the relief requested from the defendant. Pursuant to CPLR 3211 (a) (7), the plaintiffs second cause of action fails to state cause of action and should be dismissed.
Plaintiffs Cross Motion to Amend His Complaint
The plaintiff seeks to amend the complaint to apparently correct two words in the second cause of action. Although the plaintiff fails to specifically outline the nature of the change to the complaint he seeks, the court has meticulously combed the original complaint and the proposed amended complaint to discern what changes the plaintiff seeks to make. It appears that in paragraph 26 of the complaint, the plaintiff wishes to change the word “their” to “his” and the word “resolution” to “vote.” The plaintiff does state in support of his cross motion, that the “typos” may be construed to indicate that he is seeking judgment against the Board of Education.
In opposition to the cross motion, the defendant’s counsel asserts that since the plaintiffs proposed amended complaint is based upon the faulty assumption that the defendant was no longer a Board member after July 13, 2010, when he withdrew his appeal to the Commissioner of Education, the amended complaint is without merit and the cross motion should be denied.
The decision whether to allow a pleading to be amended rests within the sound discretion of the court. (Pagan v Quinn, 51 AD3d 1299 [3d Dept 2008]; Trataros Constr., Inc. v New York City School Constr. Auth., 46 AD3d 874 [2d Dept 2007].) Leave to amend a pleading will be freely granted where the proposed amendment is not palpably insufficient or patently devoid of merit, and will not prejudice or surprise the opposing party. (Shovak v Long Is. Commercial Bank, 50 AD3d 1118, 1120 [2d Dept 2008], lv dismissed and denied 11 NY3d 762 [2008]; Lucido v Mancuso, 49 AD3d 220, 225 [2d Dept 2008]; Bolanowski v Trustees of Columbia Univ. in City of N.Y., 21 AD3d 340 [2d Dept 2005].) Here, there is no difference between the original complaint and the proposed amended complaint. Additionally, the proposed amended complaint does not change the fact that the plaintiffs second cause of action is without merit.
*602 Accordingly, the plaintiffs cross motion seeking to amend the complaint herein should be denied on the grounds that the plaintiffs second cause of action is palpably insufficient and devoid of merit under the facts herein.
Accordingly, it is hereby ordered, that the defendant’s motion seeking dismissal of the plaintiffs complaint is granted and the complaint is dismissed; and it is further ordered, that the plaintiff’s cross motion seeking to amend the complaint is denied.
All applications not specifically addressed herein are denied.