# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**443**

**CA 12-01959**

PRESENT: CENTRA, J.P., FAHEY, CARNI, WHALEN, AND MARTOCHE, JJ.

---

IN THE MATTER OF WAYNE DAVIDSON,
PETITIONER-APPELLANT,

V                                     MEMORANDUM AND ORDER

VILLAGE OF PENN YAN, MAYOR AND VILLAGE
BOARD OF TRUSTEES OF VILLAGE OF PENN YAN
AND PENN YAN FIRE DEPARTMENT,
RESPONDENTS-RESPONDENTS.
(APPEAL NO. 1.)

---

WAYNE DAVIDSON, PETITIONER-APPELLANT PRO SE.

BOND, SCHOENECK & KING, PLLC, ROCHESTER (EDWARD P. HOURIHAN, JR., OF
COUNSEL), FOR RESPONDENTS-RESPONDENTS.

-------------------------------------------------------------------------

Appeal from a judgment of the Supreme Court, Yates County (Dennis
F. Bender, A.J.), entered July 18, 2012 in a proceeding pursuant to
CPLR article 78. The judgment, inter alia, dismissed the petition.

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed without costs.

Memorandum: Petitioner commenced these CPLR article 78
proceedings seeking, inter alia, to annul two resolutions adopted by
respondent Village Board of Trustees of Village of Penn Yan (the
Board) concerning the establishment of a service awards program for
volunteer firefighters pursuant to General Municipal Law article 11-A.
Respondents moved to dismiss both petitions on, inter alia, the ground
that petitioner lacks standing to challenge the resolutions. Supreme
Court granted respondents' motions and dismissed the petitions.
Petitioner appeals, and we affirm.

With respect to appeal Nos. 1 and 2, we note that petitioner has
failed to demonstrate that he is personally aggrieved by the Board's
actions inasmuch as he did not establish that he "sustained special
damage, different in kind and degree from the community generally"
(*Matter of Sun-Brite Car Wash v Board of Zoning & Appeals of Town of
N. Hempstead*, 69 NY2d 406, 413). "Although the doctrine of common-law
taxpayer standing . . . would excuse such lack of personal
aggrievement, that doctrine requires a petitioner to establish that
the failure to accord such standing would be in effect to erect an
impenetrable barrier to any judicial scrutiny of [the Board's] action"
(*Matter of Seidel v Prendergast*, 87 AD3d 545, 546, *lv denied* 17 NY3d

716 [internal quotation marks omitted]; *see Matter of Colella v Board of Assessors of County of Nassau*, 95 NY2d 401, 410), and petitioner has not made such a showing. We therefore conclude that the court properly granted the motions to dismiss the respective petitions. In light of our determination, we do not address petitioner's remaining contentions.