OPINION OF THE COURT
Ferris D. Lebous, J.
Petitioners/plaintiffs have filed this hybrid CPLR article 78 proceeding/action seeking declaratory and injunctive relief including, among other things: nullifying employment decisions due to violations of the Open Meetings Law; a declaratory judgment enjoining respondents/defendants from violating Real Property Tax Law § 1318 by maintaining operating funds in excess of the statutory maximum of 4%; declaratory and injunctive relief pursuant to General Municipal Law § 51 enjoining respondents/defendants from wasting and otherwise mismanaging school district monies; and a declaratory judgment that respondents/defendants have breached their fiduciary duties by failing to meet their collective and individual fiduciary duties and obligations pursuant to Education Law § 1709.
Respondents/defendants oppose the petition/complaint in all respects and move to dismiss as outlined below.[1]
Background
The Harpursville Central School District is located in the Village of Harpursville, Broome County, in the State of New York and is comprised of one elementary school and one high school with approximately 1,000 students. The School District is governed by the Board of Education which is comprised of seven elected members who are the named respondents herein.[2] Petitioners are an unincorporated member organization of parents and taxpayers from the School District. There *481 are two main areas in which petitioners allege that respondents have exceeded their authority under the law, namely, various employment decisions made in violation of the Open Meetings Law and maintaining budgetary surpluses in excess of the statutory maximum permitted under RPTL 1318. Additionally, in connection with both of those issues, petitioners allege that respondents have breached their fiduciary duties.
On July 2, 2015, petitioners filed an order to show cause with a request for a temporary restraining order and preliminary injunction, summons, verified petition and complaint. The court signed the order to show cause on July 14, 2015, striking the temporary restraining order, and making the matter returnable on September 1, 2015.
The verified petition and complaint contain three causes of action, namely: (1) violation of Public Officers Law article 7 (Open Meetings Law); (2) violation of Real Property Tax Law § 1318; and (3) breach of fiduciary duties.
In lieu of answering, the respondents have moved to dismiss on a variety of grounds including CPLR 3211 (a) (2), (7), (8), and (10).
The court heard oral argument from counsel on September 1, 2015.
Discussion
The court will address respondents’ motion to dismiss which raises a variety of jurisdictional and substantive issues in the context of petitioners’ three stated causes of action.
I. Violation of Public Officers Law Article 7 (Open Meetings Law)
The first cause of action is stated as a violation of Public Officers Law article 7 (Open Meetings Law). The provision at the center of petitioners’ focus is Public Officers Law § 105, entitled “Conduct of executive sessions,” which states, in pertinent part, as follows:
“1. Upon a majority vote of its total membership, taken in an open meeting pursuant to a motion identifying the general area or areas of the subject or subjects to be considered, a public body may conduct an executive session for the below enumer *482 ated purposes only, provided, however, that no action by formal vote shall be taken to appropriate public moneys: . . .
“f. the medical, financial, credit or employment history of a particular person or corporation, or matters leading to the appointment, employment, promotion, demotion, discipline, suspension, dismissal or removal of a particular person” (emphases added).
Respondents move to dismiss this cause of action based upon, among other grounds, failure to join necessary parties and failure to state a cause of action pursuant to CPLR 3211 (a) (7) and (10).
A. Failure to Join Necessary Parties
The first issue that must be addressed in relation to the alleged violations of the Open Meetings Law is respondents’ motion to dismiss for nonjoinder due to petitioners’ failure to name the individuals who are the subject of the employment decisions at issue, namely, Lori Bowman, Amy Lucenti, Joshua Quick, and Michael Rullo, as well as Pamela Horton (hired to fill Quick’s position) and Kris Conrow (hired to fill Rullo’s position).
CPLR 1001 (a) states “ [p]ersons who ought to be parties if complete relief is to be accorded between the persons who are parties to the action or who might be inequitably affected by a judgment in the action shall be made plaintiffs or defendants.”
Petitioners’ assertion that the joinder of these six individuals is unnecessary because this case is more about the systematic failures of the Board of Education rather than these individual members is disingenuous and misses the point. If petitioners were to obtain their requested relief herein, the livelihood of some of these individuals could be inequitably affected. In this court’s view, the livelihood of any person warrants great respect. When an individual’s livelihood is threatened they are entitled to notice and an opportunity to be heard and to be represented by counsel of their choosing. These are concepts of fundamental due process. This court will not lightly cast aside the rights of these individuals and finds that Bowman, Lucenti, Quick, Rullo, Horton and Conrow are necessary parties within the meaning of CPLR 1001 (a) since they may be inequitably affected by a potential judgment herein (Matter of Cybul v Village of Scarsdale, 17 AD3d 462 [2d Dept 2005], Iv denied 5 NY3d 712 [2005]; Matter of Brancato v New York State *483 Bd. of Real Prop. Servs., 7 AD3d 865 [3d Dept 2004]; Matter of Baker v Town of Roxbury, 220 AD2d 961 [3d Dept 1995], Iv denied 87 NY2d 807 [1996]).[3] On this basis alone, the court grants respondents’ motion to dismiss for nonjoinder in relation to the first and third causes of action (Matter of Sahler v Callahan, 92 AD2d 976 [3d Dept 1983] ).[4]
B. Failure to State a Cause of Action
Assuming, arguendo, that the court had not dismissed the first cause of action for failure to join necessary parties, the court will address the merits of respondents’ motion to dismiss the first cause of action for a violation of Public Officers Law article 7 (Open Meetings Law) for failure to state a cause of action.
On a motion to dismiss pursuant to CPLR 3211 (a) (7),
“ ‘the pleading is to be given a liberal construction, the allegations contained within it are assumed to be true and the plaintiff[s] [are] to be afforded every favorable inference’ .... This liberal standard, however, will not save allegations that consist of bare legal conclusions or factual claims that are flatly contradicted by documentary evidence or are inherently incredible” (DerOhannesian v City of Albany, 110 AD3d 1288, 1289 [3d Dept 2013], Iv denied 22 NY3d 862 [2014] [internal quotation marks and citations omitted]).
Petitioners allege that the following employment actions should be nullified: (1) the removal of assistant principal Lori Bowman; (2) the removal and reassignment of elementary school principal Joshua Quick; (3) the creation of the position of assistant CSE chair and hiring of Amy Lucenti for that position; and (4) the appointment of superintendent Michael Rullo.
Petitioners argue that the following respondents’ violations of the Open Meetings Law warrant the nullification of said employment actions:
• “ [R] espondents have convened such executive sessions without providing the legally required particulars as to the intended subject matter (s) *484 to be discussed during the sessions” (verified petition and complaint ¶ 146);
• “Respondents have not maintained the legally required minutes of votes taken by the Board during the course of these sessions” (verified petition and complaint ¶ 146);
• “These votes [in public sessions] however were pro-forma and were not made in good faith because upon information and belief these votes were the result of discussions Respondents had in unrecorded and undisclosed private meetings” (verified petition and complaint ¶ 148);
• “Also in the instances respondents did give the necessary particular notice of discussions relating to executive sessions, respondents nonetheless and on information and belief must have relied on unlawful private discussions, outside official meetings of the board, during which the employment status of Lori Bowman and Joshua Quick were discussed” (verified petition and complaint ¶ 149).
In other words, petitioners allege that any decisions arising from votes made in public session, which appear to be the result of substantial deliberations that occurred in private should be invalidated under the law.
As noted above, the analysis of a motion to dismiss for a failure to state a cause of action requires the court to accept petitioners’ allegations as true. Accordingly, for purposes of this motion, the court will analyze this matter accepting that the Board of Education violated the Open Meetings Law as outlined by petitioners.
Nevertheless, even accepting that violations took place, not every violation of the Open Meetings Law warrants the nullification of the resulting resolution or action. It is well-settled that “[u]pon determining that a public body has failed to comply with the provisions of the Open Meetings Law, a ‘court shall have the power, in its discretion, upon good cause shown, to declare . . . the action taken in relation to such violation void, in whole or in part’ ” (Matter of Oakwood Prop. Mgt., LLC v Town of Brunswick, 103 AD3d 1067, 1069 [3d Dept 2013], Iv denied 21 NY3d 853 [2013]). Stated another way, violations of the Open Meetings Law are “not void but, rather, voidable . . . upon good cause shown” {id. at 1069-1070 [emphasis added and internal quotation marks omitted]).
*485 In determining whether or not good cause has been established, the Third Department has found that a technical violation of the Open Meetings Law did not warrant nullification of the resolution without proof that the violation was motivated by an intent to avoid compliance with the Open Meetings Law (Matter of Frigault v Town of Richfield Planning Bd., 107 AD3d 1347 [3d Dept 2013] [change in location of meeting done for convenience not to prevent public attendance]). Here, even accepting petitioners’ allegations as true that there were technical violations of the Open Meetings Law, there are no allegations—other than speculation—that such violations were part of a larger conspiracy to circumvent the law.
In another case, while the use of a secret ballot for voting purposes was deemed improper, the Fourth Department found that the error did not warrant annulment of the determination (Smithson v Ilion Hous. Auth., 130 AD2d 965 [4th Dept 1987], affd 72 NY2d 1034 [1988]). Here, the record establishes that with respect to each of the employment decisions formal votes were taken in open meetings following the executive sessions (exhibit 4 at 6-7; exhibit 7 at 8; exhibit 9 at 5). So, even if some kind of informal vote was taken in executive session as alleged by petitioners, a formal vote was still taken and validated in the open meeting.[5]
[6]
Finally, petitioners appear to argue they were entitled to discuss and debate any and all decisions with board members. This is simply not the case. “The Open Meetings law does not require that the public be given such an opportunity [to debate]. It only requires that the proceedings of public bodies ... be open to observation by the public” (DeSantis v City of Jamestown, 193 Misc 2d 197, 199 [Sup Ct, Chautauqua County, Sept. 18, 2002]).
In this court’s view, the alleged violations, even if accepted as true, simply do not rise, individually or collectively, to conduct that would warrant the nullification of the employment decisions.
Parenthetically, the court notes that in support of their motion to dismiss, respondents submitted documentary evidence that flatly contradicts the allegations that the executive ses *486 sions were improperly convened or that there were secret and private meetings. With respect to whether the sessions were improperly convened, the proof submitted includes minutes from open meetings in which the Board properly enters into executive sessions on February 23, 2015,[6] March 23, 20156 [7] and June 22, 2015.[8] With respect to the allegation that there were secret and private meetings, each of the respondent Board members has submitted an affidavit denying such meetings took place. This proof utterly disputes the allegations and, without more, such allegations constitute mere speculation warranting the dismissal of the first cause of action on that basis as well (DerOhannesian, 110 AD3d at 1290; Allen v City of New York, 49 AD3d 1126 [3d Dept 2008], Iv denied 11 NY3d 705 [2008]).
In view of the foregoing, respondents’ motion to dismiss the first cause of action is granted.
II. Violation of Real Property Tax Law § 1318
Real Property Tax Law § 1318 requires that school districts not maintain surplus funds. “Surplus funds” are defined as “any operating funds in excess of four percent of the current school year budget, and shall not include funds properly retained under other sections of law.” (RPTL 1318 [1].) Here, petitioners allege that respondents have violated Real Property Tax Law § 1318 by continuing to maintain surplus funds while continuing to increase tax levies.
By way of background, it is undisputed that in January 2014, the Office of the New York State Comptroller issued a report finding that the School District had surplus fund balances exceeding the statutory maximum of 4% covering the period of July 1, 2011 through June 30, 2013 (hereinafter the Comptroller Report, exhibit 12). The Comptroller Report includes School *487 District officials’ response to the audit recommendations, as well as the Comptroller’s comments to the School District’s response.
The response from School District officials states, in pertinent part, as follows:
“[i]f we were to eliminate the financial cushion that our fund balance provides, the District would soon have to exceed the limits of the Tax Cap in order to balance our annual budgets. It is more responsible to continue to gradually spend down our unappropriated fund balance while slightly increasing taxes, in order to avoid any major financial upheavals” (Comptroller Report at 10 [appendix A]).
The Comptroller commented on the School District response as follows: “District officials reduced the compensated absences reserve by the maximum amount allowed in fiscal year 2011-2012. However, the maximum amount allowed for fiscal year 2012-2013 was $782,864 but District officials reduced the reserve by $613,796” (Comptroller Report at 12 [appendix B]).
Thereafter, the School District issued a corrective action plan in March 2014, as well as a four-year budget projection that addresses the reserve funds identified in the Comptroller’s Report.
Turning now to the motion to dismiss this cause of action, respondents contend that there is no private right of action under RPTL 1318 nor should one be implied especially since an appeal to the Commissioner of Education was available as a remedy. In opposition, petitioners argue that they do not require an independent basis under RPTL 1318 to sue respondents since they have a right under General Municipal Law § 51 to sue in a taxpayer action to prevent waste and that this court has concurrent jurisdiction with the Commissioner of Education.
RPTL 1318 does not contain any enforcement language and is silent with respect to a private right of action. When a statute is silent regarding a private right of action, courts may fairly imply such a right after considering various factors including whether the plaintiff is one of the class for whose particular benefit that statute was enacted; whether the recognition of the private right of action would promote the legislative purpose; and whether the creation of such a right would be consistent with the legislative scheme (Uhr v East Greenbush Cent. School Dist., 94 NY2d 32 [1999]).
*488 The court notes that General Municipal Law § 33 (2) empowers the Comptroller’s Office to audit school districts for compliance with RPTL 1318. Here, this matter has already been submitted, considered and evaluated by the Comptroller’s Office via the Comptroller’s Report that was issued in January 2014. Moreover, petitioners had the right to appeal these issues to the Commissioner of Education (Matter of Schamel v Board of Educ. of Waverly Cent. School Dist., 61 AD2d 1115 [3d Dept 1978], Iv denied 44 NY2d 649 [1978]). Based on the foregoing, the court finds no basis to imply a cause of action under RPTL 1318.[9]
Additionally, on the subject of the Commissioner of Education, petitioners argue that this court has concurrent jurisdiction with the Commissioner of Education. While this may be true, under the doctrine of primary jurisdiction, courts will refrain from exercising jurisdiction when there is an administrative agency with the necessary expertise to dispose of the issue (Wong v Gouverneur Gardens Hous. Corp., 308 AD2d 301 [1st Dept 2003]; Schamel, 61 AD2d 1115). Here, “the Commissioner of Education is uniquely suited to resolve this matter as [s]he possesses the specialized knowledge and experience required to determine [the issues presented]” (Matter of Hessney v Board of Educ. of Pub. Schools of Tarrytowns, 228 AD2d 954, 955 [3d Dept 1996], Iv denied 89 NY2d 801 [1996]).
In view of the foregoing, respondents’ motion to dismiss the second cause of action is granted.
III. Breach of Fiduciary Duties
Petitioners’ third cause of action alleges that respondents have breached their fiduciary duties under various provisions of the Education Law based upon the aforementioned violations of the Open Meetings Law and/or RPTL 1318. Petitioners seek an order under article 78 reversing the administrative decisions and removing members of the Board of Education.
To the extent that the alleged breach of fiduciary duties is based upon the alleged violations of the Open Meetings Law and/or RPTL 1318, those matters have now been dismissed in relation to the prior causes of action.
To the extent that petitioners argue that respondents’ alleged breach of their fiduciary duties would warrant this court removing Board of Education members from office, the court *489 finds it is without jurisdiction to do so (Kirton v Dickerson, 34 Misc 3d 595 [Sup Ct, Nassau County, Dec. 7, 2011]).
Petitioners also argue that a taxpayer action permits them to prevent waste (Gaynor v Rockefeller, 21 AD2d 92, 95 [1964], affd 15 NY2d 120 [1965]), but the court finds no evidence of waste or illegal conduct (Mesivta of Forest Hills Inst. v City of New York, 58 NY2d 1014 [1983]; Matter of Urbanski v City of Rochester, 66 AD3d 1412 [4th Dept 2009], Iv denied 14 NY3d 702 [2010]).
Moreover, to the extent that petitioners seek a remedy via an article 78 proceeding, the court has reviewed the affidavit of Kathleen M. Wood, Superintendent of Schools for the School District, as well as the certified record of proceedings which includes correspondence, School District website posting, and minutes from meetings of the Board of Education and finds no basis to conclude that the acts of respondents have been arbitrary and capricious in any manner.
The court finds that respondents’ motion to dismiss the third cause of action for failure to state a cause of action is granted.
Finally, the court recognizes that petitioners are concerned parents and taxpayers who have a dispute with the management of the School District by the administration and Board of Education. That said, petitioners’ remedy is not to have this or any other court micromanage the day-to-day affairs of the School District, but rather to take action by the most powerful tool petitioners possess, namely their right to vote down the next school budget or to vote out various board members at the next school election. Again, the dismissal of this case is not to minimize the community frustration but rather a recognition that petitioners’ disagreements with the acts of respondents do not amount to actionable conduct in this forum.
The court has considered all the petitioners’ remaining arguments and finds them to be without merit.
Conclusion
Accordingly, it hereby is ordered and adjudged that the petition/complaint is denied and dismissed in its entirety.

. For ease of reference the court will use the terms “petitioners” and “respondents.”

. Six of the current seven Board of Education members are named as respondents herein, namely Melissa Anderson, Robert Blakeslee, Theresa *481 Matts, Sharon Snow and Russell Weist. The seventh named respondent, Lida Bassler, has since been replaced by Michael Rhodes, who is not a named respondent.

. The court is less concerned about Mr. Rhodes, the new board member who replaced Ms. Bassler. The court finds that Mr. Rhodes’ interests are adequately represented by counsel herein.

. Inasmuch as the second cause of action is related solely to budgetary/ tax issues, the court finds that these individuals are not necessary parties in relation to the second cause of action.

. The Third Department has found that the absence of minutes of an executive session in which no formal vote was taken, but rather in which the vote was taken in an open meeting does not even amount to a violation (Matter of Plattsburgh Publ. Co., Div. of Ottaway Newspapers v City of Plattsburgh, 185 AD2d 518 [3d Dept 1992]).

. “On a motion made by Mrs. Anderson, seconded by Mr. Blakeslee, the Board agreed to enter into Executive Session at 8:53 pm for the purposes of discussion of the employment history of particular administrators and the potential impact of administrative reorganization on specific administrators” (exhibit 4 at 4).

. “On a motion made by Mrs. Anderson, seconded by Mr. Blakeslee, the Board agreed to enter into Executive Session at 7:10 pm for the purposes of discussing . . . terms and conditions of a proposed contract pertaining to hiring a superintendent subsequent to the retirement of the current superintendent” (exhibit 9 at 1).

. “On a motion made by Mrs. Anderson, seconded by Mr. Blakeslee, the Board agreed to enter into Executive Session at 7:45 pm for the following purposes: . . . matters leading to the appointment, employment or promotion of a particular person within the teaching tenure area” (exhibit 7 at 3).

. The court addresses the issue of a taxpayer action under General Municipal Law § 51 herein (supra at 487).