Amalgamated Dwellings, Inc. v Dergosits (2019 NY Slip Op 05085)





Amalgamated Dwellings, Inc. v Dergosits


2019 NY Slip Op 05085


Decided on June 25, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 25, 2019

Gische, J.P., Tom, Kapnick, Kern, Moulton, JJ.


9717 160393/16

[*1]Amalgamated Dwellings, Inc., et al., Plaintiffs-Appellants,
v
John Dergosits, Plaintiff, The City of New York, et al., Defendants-Respondents.


Anderson Kill P.C., New York (Peter I. Livingston of counsel), for appellants.
Zachary W. Carter, Corporation Counsel, New York (Nwamaka Ejebe of counsel), for City of New York, respondent.
Sills Cummis & Gross P.C., New York (Mitchell D. Haddad of counsel), for Hillman Housing Corporation, respondent.



Order, Supreme Court, New York County (W. Franc Perry, J.), entered February 7, 2018, which granted defendants' motions to dismiss the complaint, unanimously affirmed, without costs.
This General Municipal Law (GML) § 51 taxpayer claim against the City and Hillman, seeking to set aside the 1949 Deed and related declaratory and injunctive relief, alleges that the conveyance of the street beds to Hillman in 1949 violated the terms of the deed. Plaintiffs further alleged that the City's failure to exercise its reversionary interest to recover the property after Amalgamated put the City on notice of this in 2007 resulted in a gratis donation of the property to Hillman at taxpayer expense. These claims are dismissed as untimely, for the reasons stated by the motion court.
The City was on notice that some of the conveyed property did not abut Hillman's property at the time of the 1949 deed; any claim by Amalgamated and its shareholders related to that conveyance, whether as property owners or as taxpayers, has long expired. In any event, we further find that any failure by the City to exercise its reversionary right under these circumstances, more than 60 years after the conveyance, does not constitute the fraud or illegality necessary to support a taxpayer action pursuant to GML § 51 (see Mesivta of Forest Hills Inst. v City of New York , 58 NY2d 1014 [1983]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 25, 2019
CLERK