Matter of Warren v Dickson (2025 NY Slip Op 03418)

Matter of Warren v Dickson

2025 NY Slip Op 03418

Decided on June 6, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 6, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., BANNISTER, GREENWOOD, NOWAK, AND KEANE, JJ.

197 CA 24-00257

[*1]IN THE MATTER OF DANIEL T. WARREN, PETITIONER-PLAINTIFF-APPELLANT,
v
GARY A. DICKSON, INDIVIDUALLY AND IN HIS CAPACITY AS SUPERVISOR OF TOWN OF WEST SENECA, TOWN OF WEST SENECA, DANIEL MEYER, IN HIS CAPACITY AS FOIL APPEALS OFFICER OF ERIE COUNTY, BRIAN BRAY, IN HIS CAPACITY AS ERIE COUNTY COMMISSIONER OF PERSONNEL AND JUDITH KINDRON, RESPONDENTS-DEFENDANTS-RESPONDENTS. 

DANIEL T. WARREN, PETITIONER-PLAINTIFF-APPELLANT PRO SE. 
GRECO TRAPP PLLC, BUFFALO (CHRIS G. TRAPP OF COUNSEL), FOR RESPONDENTS-DEFENDANTS-RESPONDENTS. 

 Appeal from a judgment (denominated order and judgment) of the Supreme Court, Erie County (Catherine R. Nugent Panepinto, J.), entered February 6, 2024, in a proceeding pursuant to CPLR article 78 and declaratory judgment action. The judgment, inter alia, dismissed the petition-complaint. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner-plaintiff (petitioner) commenced this hybrid CPLR article 78 proceeding and declaratory judgment action seeking, inter alia, to annul the determination appointing respondent-defendant Judith Kindron to the position of Director of Finance for respondent-defendant Town of West Seneca (Town). Petitioner alleged, among other things, that Kindron should not have received the appointment inasmuch as she was not a Town resident. Kindron, the Town, and respondent-defendant Gary A. Dickson, individually and in his capacity as Supervisor of the Town of West Seneca, thereafter filed a cross-motion seeking to dismiss the petition-complaint against them. Petitioner now appeals from a judgment that, among other things, granted the cross-motion and dismissed the petition-complaint against all respondents-defendants based upon Supreme Court's determination that petitioner lacked standing to challenge Kindron's appointment. We affirm.
Petitioner contends that the court should have determined that he has standing based on General Municipal Law § 51 and Civil Service Law § 102, and that he has common-law taxpayer standing. We reject petitioner's contentions.
First, "[a] taxpayer suit under General Municipal Law § 51 lies only when the acts complained of are fraudulent, or a waste of public property in the sense that they represent a use of public property or funds for entirely illegal purposes" (Godfrey v Spano, 13 NY3d 358, 373 [2009] [internal quotation marks omitted]; see Mesivta of Forest Hills Inst. v City of New York, 58 NY2d 1014, 1016 [1983]). Contrary to petitioner's contention, the mere failure to observe a statutory provision, such as a residency requirement, does not constitute the type of fraud or illegality necessary to support a taxpayer action under General Municipal Law § 51 (see Mesivta, 58 NY2d at 1016; Matter of Aklog v Town of Harrison, 219 AD3d 605, 607 [2d Dept 2023]; Matter of Urbanski v City of Rochester, 66 AD3d 1412, 1413-1414 [4th Dept 2009], lv denied 14 [*2]NY3d 702 [2010]). For the same reason, we conclude that there is no merit to petitioner's contention that he has standing under Civil Service Law § 102 (see Holton v Board of Supervisors of County of Monroe, 245 App Div 144, 145 [4th Dept 1935]).
Finally, with respect to common-law taxpayer standing, that is "a remedy for taxpayers to challenge important governmental actions, despite such parties being otherwise insufficiently interested for standing purposes, when 'the failure to accord such standing would be in effect to erect an impenetrable barrier to any judicial scrutiny of legislative action' " (Matter of Colella v Board of Assessors of County of Nassau, 95 NY2d 401, 410 [2000]). However, the doctrine should not be applied to allow challenges, such as the one here, to "determinations of local governmental officials having no appreciable public significance beyond the immediately affected parties, by persons having only the remotest legitimate interest in the matter" (id. at 410-411; see Aklog, 219 AD3d at 606-607; Matter of Davidson v Village of Penn Yan, 107 AD3d 1423, 1423 [4th Dept 2013]; cf. Matter of Ricket v Mahan, 97 AD3d 1062, 1063-1064 [3d Dept 2012]).
Entered: June 6, 2025
Ann Dillon Flynn
Clerk of the Court