■ In the Matter of ROBERT FAIN et al., Respondents, v BROOKLYN COLLEGE OF THE CITY UNIVERSITY OF NEW YORK et al., Appellants.—In a proceeding pursuant to CPLR article 78 to review the determinations of the Faculty-Student Discipli-

nary Committee (committee) of Brooklyn College, which, after a hearing, found petitioners guilty of certain misconduct and imposed sanctions, the appeal is from a judgment of the Supreme Court, Kings County (Pino, J.), entered March 14, 1984, which, *inter alia,* annulled the committee's determinations and ordered appellants to expunge from their records all references to the disciplinary proceedings and to restore petitioners to their student government positions in the College of Liberal Arts and Sciences at Brooklyn College.

Judgment modified, on the law, by deleting the provision ordering appellants to reinstate petitioners to their student government positions in the College of Liberal Arts and Sciences at Brooklyn College. As so modified, judgment affirmed, without costs or disbursements.

Petitioner Jacobs' assertion that he was denied his rights to due process affords him standing to seek CPLR article 78 relief despite his failure to first exhaust all available administrative remedies (*Watergate II Apts. v Buffalo Sewer Auth.,* 46 NY2d 52, 57; *Matter of Dineen v Borghard,* 100 AD2d 547; *cf. Matter of Caso v New York State Public High School Athletic Assn.,* 78 AD2d 41, 46). However, we find that there was no such denial in this case. Despite the informality of the hearing and the committee's failure to adhere to the question and answer format, petitioners were afforded a full opportunity to explain their actions and confront their accusers. Their ability to present evidence in their behalf and to question the charges filed against them was not in any way curtailed or limited. A formal hearing is not required in the context of a student disciplinary proceeding. The student must be given notice of his alleged misconduct, be told the basis of the accusation against him, and be afforded an opportunity to explain his version of the facts (*Goss v Lopez,* 419 US 565). We find that these due process requirements were met, and that the committee acted in complete compliance with its bylaws, as it is required to do (*Tedeschi v Wagner Coll.,* 49 NY2d 652).

We disagree with Special Term's finding that, because notice of the hearing was given in the summer, petitioner Jacobs was not given five *school* days' notice in advance of the hearing, as is required by the bylaws. We further reject Jacobs' argument that the committee's failure to grant his request for an adjournment was arbitrary and capricious. The record indicates that although Jacobs was not registered for classes during the summer term, school was in fact in session. The bylaw in question has been previously applied by appellants in an objective fashion, a manner which is equally and

consistently applicable to all students. Appellants' interpretation is both rational and reasonable, and Special Term thus erred in substituting its own interpretation of the bylaws (*see, Matter of Robins v Blaney,* 59 NY2d 393; *Matter of Howard v Wyman,* 28 NY2d 434). The committee's denial of petitioner Jacobs' request for an adjournment was not arbitrary and capricious, as this decision was reached pursuant to a standing requirement that such requests must be presented in writing. Although the committee chairperson so advised Jacobs, he failed to comply.

Ultimately, however, we must agree with Special Term's conclusion that appellants' determinations were not supported by substantial evidence. Both witnesses to the alleged misconduct stated that they saw the petitioners attempting to take copies of the *Kingsman,* the Brooklyn College student newspaper, into an elevator. Petitioner Fain explained that they intended to distribute them as literature on another part of the campus. This was often done by various political parties on campus. The only evidence that petitioners intended to dispose of the copies of *Kingsman* was one witness's "assumption" and "intellectual conclusion" that that was in fact what they were doing with the newspapers. Surmise, conjecture and speculation does not give rise to substantial evidence (*see, 300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176, 180), and " '[a] mere scintilla of evidence sufficient to justify a suspicion is not sufficient' " (*Matter of Chiaino v Lomenzo,* 26 AD2d 469, 473). We do not find in the record proof of such quality and quantity which would generate conviction and persuade a fair and detached fact finder that, from that proof presented as a premise, the conclusion reached by appellants could be exacted reasonably, probatively, and logically (*see, 300 Gramatan Ave. Assoc. v State Div. of Human Rights, supra,* p 181). As such, the committee's determinations must be annulled. Because petitioners are no longer students at Brooklyn College, their reinstatement to their previous student-government offices is no longer feasible. Mangano, J. P., Brown, O'Connor and Weinstein, JJ., concur.