■ ROBERT SMITHSON, Appellant, v ILION HOUSING AUTHORITY et al., Respondents. (Appeal No. 1.)—Judgment unanimously affirmed, without costs. Memorandum: In an executive session, the Board of Commissioners of respondent Authority (Board) voted by secret ballot to dismiss petitioner from his position as Executive Director/Secretary of the Authority. Petitioner commenced a CPLR article 78 proceeding to annul that determination and for reinstatement, contending that he was terminated for a constitutionally impermissible reason and that the meeting was conducted in violation of the Open Meetings Law. (Public Officers Law § 100 *et seq.)*

Petitioner specifically claimed that he was dismissed because he had commenced a libel action against one of the Board members and because petitioner had attempted to compel another Board member to repay part of an advance for travel expenses for the reason that such expenses had not been incurred. He contended that he was punished for exercising his constitutional rights of free speech and access to the courts. Supreme Court rejected these claims, finding that in commencing the libel action petitioner was not seeking to secure a protected property interest and that an at-will employee has no cause of action for retaliatory discharge because he attempted to "blow the whistle" on allegedly improper conduct (134 Misc 2d 400, 402-403).

The court erred by concluding that petitioner had no cause of action for retaliatory wrongful discharge. While an at-will employee has no claim against a private employer based on such conduct (see, *Sabetay v Sterling Drug*, 69 NY2d 329; *Murphy v American Home Prods. Corp.*, 58 NY2d 293), respondent is a public authority and acts performed within the scope of its powers constitute State action under the Fourteenth Amendment to the US Constitution (see, *Ferguson v Metropolitan Dev. & Hous. Agency*, 485 F Supp 517, 521; *Owens v Housing Auth.*, 394 F Supp 1267). The comments of an employee of respondent on matters of public concern would be constitutionally protected, and petitioner could not be dismissed if his conduct was a substantial factor in his dismissal (*Mt. Healthy City Bd. of Educ. v Doyle*, 429 US 274; *Perry v Sindermann*, 408 US 593; *Pickering v Board of Educ.*, 391 US 563). However, petitioner has failed to present facts sufficient to warrant a hearing on the issue of whether his "whistle-blowing" conduct was a substantial factor in his termination. The minutes of the executive session do not mention that conduct as a basis for dismissal, and the affidavits of two Board members submitted in support of the petition refer only to the libel action as the basis for dismissal.

The constitutional right to access to the courts is protected as a liberty and property interest under the Fourteenth Amendment (see, *Mt. Healthy City Bd. of Educ. v Doyle*, 429 US 274, *supra; Northern Pa. Legal Servs. v County of Lackawanna*, 513 F Supp 678), and First Amendment freedoms are recognized as a liberty interest (*Mt. Healthy City Bd. of Educ. v Doyle*, 429 US 274, 283, *supra*). A lawsuit may itself be a form of expression (see, *National Assn. v Button*, 371 US 415, where the action was instituted to express a political belief) or an action may be commenced to enforce or protect an underlying constitutional right, such as freedom of association (*In re Primus*, 436 US 412) or the right to petition government (*Harrison v Springdale Water & Sewer Commn.*, 780 F2d 1422; *McCoy v Goldin*, 598 F Supp 310). The commencement of petitioner's libel action against a Board member does not encompass any of these liberty interests. The record reveals no more than a private action against a private individual for an alleged defamatory statement. There is no claim that the statement was made in the defendant's capacity as a Board member or with the Board's authority or knowledge and thus, the lawsuit is not a petition to the government for redress of grievances. Petitioner's libel action is not by itself protected speech nor does it purport to protect or enforce some other

constitutional right. We therefore conclude that petitioner was not terminated for a constitutionally impermissible reason and that his petition was properly dismissed upon that ground.

The use of a secret ballot for voting purposes was improper. When action is taken by a formal vote at open or executive sessions, the Freedom of Information Law and Open Meetings Law both require open voting and a record of the manner in which each member voted (Public Officers Law § 87 [3] [a]; § 106 [1], [2]). We find, however, that this error does not warrant annulment of the Board's determination and reinstatement of petitioner as a sanction for the statutory violation *(see, Matter of Sanna v Lindenhurst Bd. of Educ.,* 85 AD2d 157, *affd* 58 NY2d 626; *Matter of Britt v County of Niagara,* 82 AD2d 65). Since the Board clearly had the authority to determine the employment issue at executive session (Public Officers Law § 105 [1] [f]), petitioner's claim that the Board would have voted differently had they done so in open session is of no consequence. (Appeal from judgment of Supreme Court, Herkimer County, Tenney, J.—art 78.) Present—Dillon, P. J., Callahan, Boomer, Balio and Davis, JJ.