■ In the Matter of COZI AUTO PARTS, INC., Appellant, v BOARD OF STANDARDS AND APPEALS OF THE CITY OF NEW YORK, Respondent.—In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Standards and Appeals of the City of New York, dated April 28, 1987, which denied the petitioner's application for a use variance, the petitioner appeals from a judgment of the Supreme Court, Kings County (Vaccaro, J.), entered December 9, 1987, which dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

Preliminarily, we note that the petitioner's argument that the resolution denying its application was not passed by a majority of the Board of Standards and Appeals (hereinafter the Board) is raised for the first time on appeal, and, therefore, is unpreserved for appellate review (see, Matter of Arbor Oaks Civic Assn. v Zoning Bd. of Appeals, 112 AD2d 988).

We reject the petitioner's further contention that the Acting Chairperson of the Board was unqualified to act in that capacity since she was a nonprofessional member of the Board. Although New York City Charter § 661 (b) requires a Permanent Chairperson to be a professional (i.e., planner, engineer, or architect), nothing in the language of that section, or in New York City Charter § 661 (d), or in the Administrative Code of the City of New York, requires that an Acting Chairperson must also be a professional. In the absence of such a requirement in clear and unambiguous statutory language, we will not read such a requirement into the statute (see, McKinney's Cons Laws of NY, Book 1, Statutes §§ 73, 74, 76; see also, Price v Price, 69 NY2d 8, 15; Patrolmen's Benevolent Assn. v City of New York, 41 NY2d 205, 208-209).

The petitioner's contention that the Board's determination was arbitrary and capricious is without merit. The record reveals that on several occasions, the Board requested the petitioner to submit evidence that its application for a use variance satisfied the requirements of New York City Zoning Resolution § 72-21 which provides in pertinent part that a variance may be issued by the Board only upon findings, inter alia, that there are unique physical conditions peculiar and inherent to the subject lot which would cause practical difficulties if strict compliance with the Zoning Resolution were required, and that the variance, if granted, would not alter the essential character of the neighborhood. However, the Board never received a meaningful response from the petitioner. Under the circumstances, the petitioner failed to make

a satisfactory showing of a unique physical condition or that there would be no substantial alteration of the character of the neighborhood *(see, Matter of Kallas v Board of Estimate,* 58 NY2d 1030). In addition, there is substantial evidence upon the entire record to support the Board's determination *(see, Matter of Cowan v Kern,* 41 NY2d 591).

We have examined the petitioner's remaining contentions and find them to be without merit. Bracken, J. P., Kunzeman, Kooper and Balletta, JJ., concur.