■ In the Matter of BROCK PROPERTIES, INC., et al., Appellants, v MIRIAM L. BOCKMAN, as Acting Chairperson of the Board of Standards and Appeals of the City of New York, et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the City of New York Board of Standards and Appeals denying the petitioners' application pursuant to General City Law, article 3, § 36 for a variance to permit the erection of three one-family houses not fronting on a legally mapped street, the petitioners appeal from a judgment of the Supreme Court, Richmond County (Amann, J.), dated July 13, 1989, which dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The purpose of General City Law, article 3, § 36 (2), requiring that dwellings have access to an officially mapped street, is "to provide adequate means of coping with fires and other emergencies" *(American Nassau Bldg. Sys. v Press*, 143 AD2d 789, 792; *Matter of Annandale, Inc. v Brienza*, 1 AD2d 785). While the Administrative Code of the City of New York §§ 27-232 and 27-291 requires that where there is no street frontage, an access roadway or street should be at least 20 feet in width, the City of New York Board of Standards and Appeals (hereinafter the Board) has the power to vary or modify any rule or regulation to relieve practical difficulties or unnecessary hardship that may be encountered by a landowner in complying with the strict letter of the law *(see*, New York City Charter § 666 [7], [8]).

However, in this case the Board heard extensive testimony from Fire Department officials who believed that the 16-foot-wide access road leading to the proposed development of three one-family dwellings would create difficulties in fighting a fire. Their fears were based, in part, on the problems encountered during a fire that had occurred on an adjoining site in 1985. A New York City Fire Department Battalion Chief involved in fighting that 1985 fire testified that there was difficulty in getting the larger equipment to the site of the fire and also that the access was blocked by other residents leaving the

scene of the fire through the 16-foot-wide road. While the proposed development included fire protection measures, the Fire Department officials testified that access was essential for the safety of the residents of the proposed dwellings. Therefore we find that there is substantial evidence *(see generally, Matter of Cowan v Kern,* 41 NY2d 591) to support the Board's determination that the requested easement would not provide adequate access to the proposed dwellings and that in the event of an emergency the safety of the residents could not be ensured *(cf., Matter of Coates v Planning Bd.,* 58 NY2d 800).

Moreover, the Board's consideration of whether there might be alternative access routes over adjoining parcels was not arbitrary and capricious or based on impermissible speculation or conjecture *(cf., Matter of Triangle Inn v Lo Grande,* 124 AD2d 737, 738). Rather the record reveals that on several occasions the Board addressed specific queries to the petitioner Kuehlewein requesting clarification of his ownership interests, if any, of the lands contiguous to the proposed development, but never received a meaningful response from him *(see, Matter of Cozi Auto Parts v Board of Stds. & Appeals,* 155 AD2d 539). While the petitioner Kuehlewein denied the existence of any other means of access, a subdivision application filed with the Department of Buildings indicates that he and the petitioner Brock Properties, Inc., own a large tract of land offering direct access from the development to Howard Avenue and to Van Duzer Street, both legally mapped streets. Under these circumstances, the petitioners failed to make the necessary showing of practical difficulties or unnecessary hardship.

We have examined the petitioners' remaining contentions and find them to be without merit. Mangano, P. J., Thompson, Miller and Ritter, JJ., concur.