■ In the Matter of STEPHAN WILLETT, Appellant, v CITY UNIVERSITY OF NEW YORK (CUNY) LAW SCHOOL, Respondent. [647 NYS2d 798] —In a proceeding pursuant to CPLR article 78 to review a determination of the City University of New York Law School finding that the petitioner had violated certain bylaws and imposing two concurrent one-year suspensions, the petitioner appeals from a judgment of the Supreme Court, Queens County (Goldstein, J.), dated June 5, 1995, which dismissed the proceeding. The petitioner's notice of appeal from a decision of the same court dated April 21, 1995, is deemed a premature notice of appeal from the judgment *(see,* CPLR 5520 [c]).

Ordered that the appeal from so much of the judgment as confirmed that the determination was based on substantial evidence is dismissed, without costs or disbursements, and that portion of the judgment is vacated *(Matter of Scorpio Car Serv. v New York City Taxi & Limousine Commn.,* 171 AD2d 872; *Matter of Davidson v Scully,* 116 AD2d 575); and it is further,

Ordered that the judgment is affirmed insofar as reviewed, without costs or disbursements; and it is further,

Adjudged that the determination is confirmed and the proceeding is otherwise dismissed on the merits, without costs and disbursements.

The Supreme Court properly determined that the Board of Trustees' interpretation of the bylaw at issue was rational and reasonable *(see, Melvin v Union Coll.,* 195 AD2d 447, 448; *Matter of Fain v Brooklyn Coll.,* 112 AD2d 992, 993).

The petitioner was afforded an opportunity to cross-examine all witnesses during the proceeding. The Disciplinary Committee's questioning of a Dean of Student Affairs, after both sides had rested, did not relate to the substance of the complaints, to issues of credibility, or to the severity of the sentence. As a result, the petitioner was not denied a right to cross-examine this witness (see, e.g., Winnick v Manning, 460 F2d 545, 549).

Despite the committee's failure to record their final vote, as requested by the petitioner, the error does not warrant an annulment of the determination (see, Public Officers Law §§ 85, 86 [3]; § 87 [3] [a]; Smithson v Ilion Hous. Auth., 130 AD2d 965, 967, affd 72 NY2d 1034).

Since a question of substantial evidence was raised, the matter should have been transferred to this Court pursuant to CPLR 7804 (g). However, this Court will treat the matter as one initially transferred here and will review the administrative determination de novo (see, Matter of Zachareas v Perales, 152 AD2d 586; Matter of Old Country Toyota Corp. v Adduci, 136 AD2d 706; CPLR 7804 [g]).

There was substantial evidence to support the charges against the petitioner (see, CPLR 7804 [g]). Moreover, the penalty imposed for each charge, one-year suspensions which are to run concurrently, is not so disproportionate to the offenses as to be shocking to one's sense of fairness (see, Matter of Pell v Board of Educ., 34 NY2d 222, 233).

We have examined the petitioner's remaining claims and find them to be either without merit or academic in light of the charges which were withdrawn or dismissed. Rosenblatt, J. P., Ritter, Copertino and Santucci, JJ., concur.