■ In the Matter of DENISE FORD et al., Respondents, v ZONING BOARD OF APPEALS OF CITY OF LONG BEACH et al., Appellants. [776 NYS2d 856]—

In a proceeding pursuant to CPLR article 78 to set aside area variances, the Zoning Board of Appeals of the City of Long Beach and 3 Karat Realty Corp. separately appeal from an order of the Supreme Court, Nassau County (McCaffrey, J.), entered December 11, 2002, which remanded the matter to the Zoning Board of Appeals of the City of Long Beach to consider the need for a use variance.

Ordered that on the Court's own motion, the notices of appeal are treated as applications for leave to appeal, and leave to appeal is granted (see CPLR 5701 [c]); and it is further,

Ordered that the order is reversed, on the law, the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits; and it is further,

Ordered that one bill of costs is awarded to the appellants.

The appellant 3 Karat Realty Corp. (hereinafter 3 Karat) owns a Long Beach automobile repair shop classified in a 1952 certificate of occupancy as a "garage" in a Business "B" zone operating as a pre-existing nonconforming use. Section 9-105.16 of the current Zoning Code of Ordinances of the City of Long Beach (hereinafter the Code) prohibits "public garages" in this zone, but does not define the term "public garage."

3 Karat, seeking to physically expand its repair shop business and add office space to conduct an internet mail order business, applied for a permit from the Building Commissioner of the Department of Building and Property Conservation of the City of Long Beach (hereinafter the Building Commissioner). This application was denied on the ground that certain area variances were required. 3 Karat appealed to the Zoning Board of Appeals of the City of Long Beach (hereinafter the Zoning Board).

The Zoning Board initially denied the area variances but, upon remand after a separate CPLR article 78 proceeding,

granted them. The abutting homeowners commenced this proceeding to set aside the area variances on the ground that 3 Karat requires a use variance because the building was a nonconforming "public garage." The Zoning Board moved to dismiss the petition, inter alia, on the ground that the building was not a public garage. In support, it submitted an affidavit of the Building Commissioner who, based on the definitions of "private garage" and "public space" provided in the Code, defined a public garage as "a building for the storage of automobile vehicles that is open for use by the general public." The Supreme Court denied the motion and, ultimately, rejected this definition as arbitrary and capricious. It then remanded the matter to the Zoning Board to consider the need for a use variance using a proper definition of public garage. The Zoning Board and 3 Karat appeal. We reverse.

It is undisputed that the Building Commissioner is responsible for administering and enforcing Long Beach's zoning ordinances. Accordingly, his interpretation of these ordinances must be " 'given great weight and judicial deference, so long as the interpretation is neither irrational, unreasonable nor inconsistent with the governing statute' " (*Appelbaum v Deutsch*, 66 NY2d 975, 977-978 [1985], quoting *Matter of Trump-Equitable Fifth Ave. Co. v Gliedman*, 62 NY2d 539, 545 [1984]; *see Matter of Doyle v Amster*, 79 NY2d 592 [1992]; *Matter of Cowan v Kern*, 41 NY2d 591 [1977]).

The Building Commissioner's definition of "public garage," which was based on other similar terms defined in the Code, was neither irrational, unreasonable, nor inconsistent with the governing statute (*see Heard v Cuomo*, 80 NY2d 684, 689 [1993]; *People v Mobil Oil Corp.*, 48 NY2d 192 [1979]; *Matter of Long v Adirondack Park Agency*, 76 NY2d 416, 421 [1990]).

The parties' remaining contentions are without merit. Prudenti, P.J., Ritter, H. Miller and Adams, JJ., concur.