■ In the Matter of GWEN SPECHT, Respondent, v TOWN OF CORNWALL, NEW YORK, Appellant. [786 NYS2d 546]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Town of Cornwall, New York, dated November 15, 2002, terminating the petitioner's employment as dispatcher for the Town of Cornwall Police Department, the appeal is from an order of the Supreme Court, Orange County (Owen, J.), dated October 8, 2003, which, inter alia, granted the petition.

Ordered that on the Court's own motion, the notice of appeal is treated as an application for leave to appeal, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is reversed, on the law, with costs, the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits.

The order of the Supreme Court directed the parties to settle a judgment calculating the petitioner's back pay. This order is nonfinal and is appealable only by permission (*see Matter of Coppola v Good Samaritan Hosp. Med. Ctr.*, 296 AD2d 460 [2002]). Nevertheless, we grant leave to appeal in order to reach

the merits (*see Matter of Ford v Zoning Bd. of Appeals of City of Long Beach,* 7 AD3d 797 [2004]).

The petitioner, a probationary employee of the appellant Town of Cornwall, New York (hereinafter the Town), was terminated from her employment as a police dispatcher for the Town Police Department due to poor performance. Acting upon the request of the Chief of Police, the Town Board, in executive session (*see* Public Officers Law § 105 [1] [f]), unanimously voted to terminate the petitioner's employment. The Town Board failed, however, to record its determination in the minutes of the executive session in violation of the Open Meetings Law (*see* Public Officers Law § 106 [2]). The Supreme Court determined that this statutory violation required annulment of the Town Board's determination. We disagree.

Pursuant to Public Officers Law § 107 (1), the Supreme Court possessed the discretion, upon good cause shown, to annul the Town Board's determination terminating the petitioner's employment as a result of the Town Board's violation of the Open Meetings Law. However, where there has been a nonprejudicial, technical violation of the Open Meetings Law in connection with the termination of the employment of a probationary employee, given the nature of the employment interest and the purpose of the Open Meetings Law, annulment of the determination is unwarranted (*see Matter of Willett v City Univ. of N.Y. [CUNY] Law School,* 231 AD2d 642, 643 [1996]; *Matter of Smithson v Ilion Hous. Auth.,* 130 AD2d 965, 967 [1987], *affd* 72 NY2d 1034, 1035 [1988]). The affidavits of the participants at the meeting, coupled with the record entry that the Town Board adjourned to Executive Session to meet with counsel on a personnel matter and to discuss the employment history of an employee, suffice to establish the action taken.

We note that there is no basis in the record for us to direct the Town Board to redetermine this matter simply to record its vote in the minutes (*see Matter of Sanna v Lindenhurst Bd. of Educ.,* 85 AD2d 157 [1982], *affd* 58 NY2d 626 [1982]). Ritter, J.P., S. Miller, Goldstein and Fisher, JJ., concur.