Matter of Velez-Santiago v State Univ. of N.Y. at Stony Brook (2019 NY Slip Op 02346)





Matter of Velez-Santiago v State Univ. of N.Y. at Stony Brook


2019 NY Slip Op 02346


Decided on March 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX, JJ.


2017-10297
 (Index No. 2518/17)

[*1]In the Matter of Terence Velez-Santiago, petitioner,
v
State University of New York at Stony Brook, respondent.


Jose William Cotto, Ossining, NY, for petitioner.
Letitia James, Attorney General, New York, NY (Steven C. Wu and David Lawrence III of counsel), for respondent.



DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review a determination of the Appeals Board of Stony Brook University dated January 12, 2017. The determination affirmed a decision of the Office of University Community Standards of Stony Brook University dated October 28, 2016, made after a hearing, finding the petitioner violated certain sections of the University Student Conduct Code and suspending him from Stony Brook University through May 31, 2017.
ADJUDGED that the petition is granted, on the law, with costs, the determination is annulled, and the penalty imposed is vacated.
On April 18, 2016, the petitioner, a student at Stony Brook University (hereinafter Stony Brook), was charged with violating certain sections of the University Student Conduct Code (hereinafter Conduct Code), including sections VII.C.5.a (sexual harassment), VII.C.5.b (nonconsensual sexual contact), and VII.C.5.c (nonconsensual sexual intercourse and/or penetration), among others, and was suspended immediately from Stony Brook pending a hearing on the charges. Thereafter, Stony Brook conducted an investigation, an investigative report was prepared, and a hearing was held on August 19, 2016. Following the hearing, the Office of University Community Standards issued a decision dated October 28, 2016, finding the petitioner had not committed the violations alleged with respect to several of the charges but had violated sections VII.C.5.a, VII.C.5.b, and VII.C.5.c of the Conduct Code. The hearing panel concluded, among other things, that the complainant had affirmatively consented to engaging in sexual intercourse and oral sex with the petitioner, but that she had not consented to a separate sexual act. The panel imposed the sanction of suspension from Stony Brook through May 31, 2017.
In a determination dated January 12, 2017, the Stony Brook Appeals Board affirmed the decision dated October 28, 2016. The petitioner then commenced this proceeding pursuant to CPLR article 78 to review the determination dated January 12, 2017, alleging, among other things, [*2]that the determination was not supported by substantial evidence. In an order dated September 21, 2017, the Supreme Court transferred the proceeding to this Court pursuant to CPLR 7804(g).
Review of Stony Brook's disciplinary determination made after a hearing is limited to whether the determination is supported by substantial evidence (see CPLR 7803[4]; Matter of Haug v State Univ. of N.Y. at Potsdam, 32 NY3d 1044; Matter of Bursch v Purchase Coll. of the State Univ. of N.Y., 164 AD3d 1324, 1328; Matter of Lambraia v State Univ. of N.Y. at Binghamton, 135 AD3d 1144, 1146). Substantial evidence "means such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180; see Matter of Haug v State Univ. of N.Y. at Potsdam, 32 NY3d at 1046).
Here, the determination that the petitioner violated sections VII.C.5.a (sexual harassment), VII.C.5.b (nonconsensual sexual contact), and VII.C.5.c (nonconsensual sexual intercourse and/or penetration) of the Conduct Code was not supported by substantial evidence. The record reflects that the complainant did not report to investigators that the petitioner engaged in the act which formed the basis for the hearing panel's conclusion that the petitioner violated the aforementioned Conduct Code sections and made no allegation at the hearing that such conduct occurred. The hearing panel improperly relied solely upon a reference in the investigative report attributed to the petitioner, and failed to consider the entirety of the petitioner's statements concerning the alleged conduct, namely the complainant's response as described by the petitioner, which did not indicate that the conduct was nonconsensual. The hearing panel's conclusion that the conduct occurred and was nonconsensual was based on no evidence and, thus, comprised of nothing more than "surmise, conjecture, [or] speculation" (300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d at 180; see Matter of Fain v Brooklyn Coll. of City Univ. of N.Y., 112 AD2d 992, 994).
Accordingly, the petition is granted, the determination is annulled, the penalty imposed is vacated, and all references to the matter are to be expunged from the petitioner's school record (see Matter of Hill v State Univ. of N.Y. at Buffalo, 163 AD3d 1454, 1455).
In light of our determination, we need not reach the petitioner's remaining contention.
BALKIN, J.P., CHAMBERS, ROMAN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court