Matter of Mount Bldrs., LLC v Perlmutter (2021 NY Slip Op 07517)





Matter of Mount Bldrs., LLC v Perlmutter


2021 NY Slip Op 07517


Decided on December 28, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 28, 2021

Before: Kern, J.P., Moulton, Mendez, Shulman, Higgitt, JJ. 


Index No. 154078/20 Appeal No. 14905 Case No. 2021-01061 

[*1]In the Matter of Mount Builders, LLC, Petitioner-Appellant,
v
Margery Perlmutter etc., et al., Respondents-Respondents.


Rothkrug Rothkrug & Spector, LLP, Great Neck (Simon H. Rothkrug of counsel), for appellant.
Georgia M. Pestana, Corporation Counsel, New York (Benjamin H. Pollak of counsel), for respondents.



Judgment (denominated an order), Supreme Court, New York County (Carol R. Edmead, J.), entered on or about November 19, 2020, denying the petition seeking to vacate a resolution of the Board of Standards and Appeals of the City of New York (BSA), dated February 25, 2020, which upheld the decisions of the New York City Department of Buildings (DOB) to deny 163 of petitioner's residential construction applications and denied petitioner's application for an order directing the DOB to waive enforcement of General City Law § 36(2), and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
BSA rationally concluded that petitioner failed to make the necessary showing of either practical difficulty or unnecessary hardship within the meaning of General City Law § 36(2) (see Matter of MSK Realty Interests, LLC v Department of Fin. of the City of N.Y., 170 AD3d 459, 460 [1st Dept 2019], appeal dismissed 33 NY3d 1057 [2019]; Brock Props. v Bockman, 166 AD2d 525, 525-526 [2d Dept 1990]). Indeed, the record amply supports BSA's conclusion that, among other things, petitioner failed to demonstrate that it could not build the proposed streets and obtain mapping approval, or that it could not develop the site by providing access through existing mapped streets. While using unmapped streets may be more financially lucrative, that fact, standing alone, is insufficient to establish practical difficulty (see Matter of Clarke v Stevens, 216 AD 351, 360 [2d Dept 1926]).
Although BSA exercised its discretion in this proceeding more narrowly than it had in past waiver applications, its decision set forth a rational policy basis for changing its approach, and for requiring petitioner to demonstrate close compliance with the statutory requirements (see Cowan v Kern, 41 NY2d 591, 595 [1977]; Matter of Stahl York Ave. Co. LLC v City of New York, 76 AD3d 290, 296 [1st Dept 2010], lv denied 15 NY3d 714 [2010]). The record in this case also shows that BSA's denial of petitioner's application was not based solely on generalized community objections (see Matter of Maxver LLC v Council of the City of N.Y., 185 AD3d 483, 483 [1st Dept 2020]; Matter of Cacsire v City of White Plains Zoning Bd. of Appeals, 87 AD3d 1135, 1137 [2d Dept 2011], lv denied 18 NY3d 802 [2011]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 28, 2021