Matter of Amicus Assoc. LP v New York City Loft Bd. (2022 NY Slip Op 03469)





Matter of Amicus Assoc. LP v New York City Loft Bd.


2022 NY Slip Op 03469


Decided on May 31, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 31, 2022

Before: Webber, J.P., Kern, Oing, Scarpulla, Pitt, JJ. 


Index No. 150485/20 Appeal No. 16038 Case No. 2021-01532 

[*1]In the Matter of Amicus Associates LP, Petitioner-Appellant,
v
New York City Loft Board et al., Respondents-Respondents.


Kucker Marino Winiasrky & Bittens LLP, New York (Jason M. Frosch of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Daniel Matza-Brown of counsel), for New York City Loft Board, respondent.
Goodfarb & Sandercock LLP, New York (Elizabeth Sandercock of counsel), for Jaymie Wisneski, Jakob Boeskov, Morteza Saifi, Isabel Penzlien, Angelo Fabara, Nicole Noselli, Erik Wysocan, Nihn Wysocan, Trevor Clark, Patricia Dwyer, Vera Correll and Daphne Correll, respondents.



Judgment, Supreme Court, New York County (Melissa A. Crane, J.), entered on or about March 29, 2021, denying the petition to annul a determination of respondent New York City Loft Board, dated September 19, 2019, which had denied petitioner's application for a second extension of code compliance deadlines and for an order declaring that New York City Loft Board Regulations (29 RCNY) § 2-01(b)(3) was ultra vires, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
The Loft Board rationally denied petitioner's application. Petitioner's request for an extension exceeded the time limitation for extensions set forth in 29 RCNY 2-01(b)(3), and petitioner failed to sustain its heavy burden of establishing that the limitation is so lacking in reason that it is essentially arbitrary (see Matter of Tri-City, LLC v New York City Taxi & Limousine Commn., 189 AD3d 652, 652 [1st Dept 2020]; Columbus 95th St., LLC v New York State Div. of Hous. & Community Renewal, 81 AD3d 269, 276 [1st Dept 2010]). Furthermore, 29 RCNY 2-01(b)(3) does not conflict with the provisions of the enabling statute, but rather, is consistent with the language of Multiple Dwelling Law § 284(1)(viii). Nor is the rule inconsistent with the design and purpose of the overarching statutory scheme (see Columbus 95th St., 81 AD3d at 276; Matter of Association of Commercial Prop. Owners v New York City Loft Bd., 118 AD2d 312, 314 [1st Dept 1986] affd 71 NY2d 915 [1988]). The Loft Board also proffered a rational basis for treating petitioner's application differently from other, similar applications — namely, that the other applications predated the enactment of 29 RCNY 2-01(b)(3) (see Matter of Mount Bldrs., LLC v Perlmutter, 200 AD3d 616, 616 [1st Dept 2021], lv denied — NY3d &mdash, 2022 NY Slip Op 65107 [2022]).
We have considered petitioner's remaining contentions, including that the Loft
Board violated the Open Meetings Law (Public Officers Law § 103), and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 31, 2022