Matter of Lynch v New York City Civilian Complaint Review Bd. (2022 NY Slip Op 04122)

Matter of Lynch v New York City Civilian Complaint Review Bd.

2022 NY Slip Op 04122

Decided on June 28, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 28, 2022

Before: Gische, J.P., Kern, Mazzarelli, Singh, Rodriguez, JJ. 

Index No. 154653/21 Appeal No. 16202 & M-02131 Case No. 2021-04687 

[*1]In the Matter of Patrick J. Lynch etc., et al., Petitioners-Appellants,
v
New York City Civilian Complaint Review Board et al., Respondents-Respondents. The New York Civil Liberties Union Foundation and The American Civil Liberties Union, Women's Rights Project, Amici Curiae.

Golenbock Eiseman Assor Bell & Peskoe LLP, New York (Matthew C. Daly of counsel), for appellants.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Kevin Osowski of counsel), for respondents.
Guadalupe Victoria Aguirre and Christopher Dunn, New York, for the New York Civil Liberties Union Foundation, amicus curiae.
Sandra S. Park, New York, for the American Civil Liberties Union, Women's Rights Project, amicus curiae.

Judgment, Supreme Court, New York County (Laurence Love, J.), entered on or about November 9, 2021, to the extent appealed from as limited by the briefs, denying the petition brought pursuant to CPLR article 78 to the extent it sought declarations that changes to the rules of the Civilian Complaint Review Board (CCRB), approved by vote on February 10, 2021, were void under Public Officers Law § 107, that the CCRB's Statement of Basis and Purpose for the rules was defective, and that the CCRB's definition of "abuse of authority" was invalid; and to the extent it sought an award of costs and attorneys' fees under Public Officers Law § 107(2), unanimously affirmed, without costs.
In a prior proceeding, this Court determined that a resolution from the CCRB, announcing that it would begin investigating allegations of sexual misconduct by civilians against police officers, was a nullity because the CCRB did not follow the public vetting processes required by the City Administrative Procedure Act (CAPA) for adopting new rules (Matter of Lynch v New York City Civilian Complaint Review Bd., 183 AD3d 512, 518 [1st Dept 2020], lv denied 36 NY3d 901 [2020]).
Following 0ur order, the Chair of the CCRB issued a statement that the CCRB was "committed to pursuing the rulemaking process expeditiously" so that an independent entity could review NYPD sexual misconduct. The CCRB's General Counsel drafted a set of proposed revisions to the CCRB's rules and a statement of purpose, which he shared with the members of the CCRB. On July 1, 2020, the General Counsel advised the CCRB's members on the process for revising the CCRB's rules after our decision. The CCRB's members voted to authorize the rulemaking process but did not discuss the substance of the revised rules.
On December 1, 2020, the CCRB issued a notice of public hearing and opportunity to comment. Among the proposed changes to the CCRB's rules was a definition of "abuse of authority." This term was defined as "misusing police powers," including certain specified conduct (see Rules of City of NY Civilian Complaint Review Bd [38-A RCNY] § 1-01). As relevant here, the specified conduct included "intentionally untruthful testimony and written statements made against members of the public in the performance of official police functions, and sexual misconduct." Sexual misconduct was further defined elsewhere in the revised rules (see id.).
The CCRB held a public hearing (by videoconference) on January 13, 2021. After responding to all questions and comments, the CCRB members voted to enter executive session. The only planned discussion of the rulemaking, which lasted less than 10 minutes, was the General Counsel's legal advice. Comments about the substance of the revised rules were not invited. Although a few brief comments were made, these did not address particular comments or text of the rules or propose any changes. One CCRB member expressed some concern about the revised rules but declined to specify the [*2]nature of that concern during an executive session.
The CCRB did not discuss the proposed rules in any other executive session. On February 10, 2021, the CCRB publicly voted to approve the revised rules in their entirety. On February 24, 2021, the CCRB issued a notice of adoption. The statement of basis and purpose summarized the revised rules and indicated that they would "incorporate the Charter changes, comply with the court ruling, modify the Board meeting schedule, and clarify certain language to make the rules more understandable."
Supreme Court properly denied petitioners' request for a declaration that the CCRB's enactment of the revised rules was invalid based upon an allegedly defective statement of basis and purpose. While the statement of basis and purpose for the revised rules was succinct, it satisfied the requirements set forth in New York City Charter § 1043(d)(1)(iv) by stating the purpose of the rules, and by providing a clear explanation of those rules and the requirements they would impose. New York City Charter § 1043(d)(1)(iv) does not require that the agency fully explain its rationale for adopting a rule, nor is there any requirement that the agency articulate its rationale at the time of promulgation as long as the record reveals that the rule had a rational basis (see Matter of Tri-City, LLC v New York City Taxi & Limousine Commn., 189 AD3d 652, 652-653 [1st Dept 2020]).
As to the content of the revisions, petitioners have "failed to meet their heavy burden" of showing the revised rules to be "so lacking in reason that [they were] essentially arbitrary" (id. at 652). Given the CCRB's expertise in studying and investigating police disciplinary matters, we defer to its interpretation of the term "abuse of authority," unless that definition is irrational, unreasonable, or inconsistent with the governing statute (see Matter of Toys "R" Us v Silva, 89 NY2d 411, 418-419 [1996]). The CCRB's interpretation of that term—defining "abuse of authority" as "misusing police power," which encompasses both sexual misconduct by officers against civilians and the making of false statements against civilians—is consistent with the plain language of the governing statute (see New York City Charter § 440[c][1]). Moreover, the record before the CCRB provided ample basis to conclude that sexual misconduct against civilians and making false statements against civilians both fall within the meaning of the term "abuse of authority."
Contrary to petitioners' contention, the governing statute does not prohibit the CCRB from investigating matters that may touch upon criminal conduct (see New York City Charter § 440[f]). While the CCRB had a prior practice of referring such matters to the Police Department's Internal Affairs Bureau, that prior practice does not render the CCRB's current interpretation arbitrary, especially where the CCRB has set forth a rational basis for changing its approach (see Matter of Juarez v New York State Off. of Victim [*3]Servs., 36 NY3d 485,496 [2021]; Matter of Mount Bldrs., LLC v Perlmutter, 200 AD3d 616, 616 [1st Dept 2021] lv denied 38 NY3d 906 [2022]; Matter of Punnett v Evans, 26 AD2d 396, 398 [1st Dept 1966]).
Although petitioners established that the CCRB violated the Open Meetings Law (see Public Officers Law § 103), courts are vested with discretion to grant remedial relief, and not every violation of the Open Meetings Law requires sanctions (see Public Officers Law § 107; Matter of New York Univ. v Whalen, 46 NY2d 734, 735 [1978]). Here, the court providently exercised its discretion in denying remedial relief.
The Open Meetings Law prohibits public bodies from conducting business in executive session, outside of public view (see Public Officers Law § 103; Matter of Lancaster v Incorporated Vil. of Freeport, 22 NY3d 30, 40 [2013]). Its purpose is to prevent governments from deciding, in private, matters which should be subject to debate and decided in public (see Matter of Gernatt Asphalt Prods. v Town of Sardinia, 87 NY2d 668, 686 [1996]; Public Officers Law § 100). If a court finds that an agency violated the Open Meetings Law, it may, "in its discretion, [and] upon good cause shown," void the agency's action (Public Officers Law § 107[1]). Courts also have the discretion to award costs and attorney's fees (id. at [2]). A showing of "good cause" generally requires intentional wrongdoing or, at least, a showing that petitioners were aggrieved or prejudiced by the violation (see Matter of Fichera v New York State Dept. of Envtl. Conservation, 159 AD3d 1493, 1498 [4th Dept 2018]; Matter of Chenkin v New York City Council, 72 AD3d 548, 549 [1st Dept 2010], lv denied 16 NY3d 703 [2011]; Matter of Specht v Town of Cornwall, 13 AD3d 380, 381 [2d Dept 2004]).
Petitioners have not demonstrated that the CCRB intentionally excluded them from its meetings (see Fichera, 159 AD3d at 1498; Chenkin, 72 AD3d at 549). Neither have petitioners demonstrated that they were aggrieved or prejudiced by the CCRB's executive sessions, at which it did not discuss the substance of the revised rules (see Fichera, 159 AD3d at 1498; Specht, 13 AD3d at 381). Therefore, petitioners have not
established good cause to void the CCRB's actions (see Whalen, 46 NY2d at 735).
We have considered petitioners' remaining arguments and find them unavailing.
M-02131 — Matter of Lynch v New York City
Civilian Complaint Review Bd.
Motion by The American Civil Liberties Union, Women's Rights Project, and the New York Civil Liberties Union Foundation, to file an amicus curiae brief, granted.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 28, 2022