Matter of Lemmon v Town of Scipio (2023 NY Slip Op 02446)

Matter of Lemmon v Town of Scipio

2023 NY Slip Op 02446

Decided on May 5, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 5, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, BANNISTER, AND MONTOUR, JJ.

973 CA 21-01774

[*1]IN THE MATTER OF ELGIN LEMMON, PETITIONER-APPELLANT,
v
TOWN OF SCIPIO AND ZONING BOARD OF APPEALS FOR TOWN OF SCIPIO, RESPONDENTS-RESPONDENTS. 

YOUNG/SOMMER LLC, ALBANY (JOSEPH F. CASTIGLIONE OF COUNSEL), FOR PETITIONER-APPELLANT. 
BOND, SCHOENECK & KING, PLLC, SYRACUSE (RICHARD L. WEBER OF COUNSEL), FOR RESPONDENTS-RESPONDENTS. 

 Appeal from a judgment (denominated order) of the Supreme Court, Cayuga County (Mark H. Fandrich, A.J.), entered December 9, 2021 in a proceeding pursuant to CPLR article 78. The judgment granted the motion of respondents to dismiss the petition and dismissed the petition. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law without costs, the motion is denied, the petition is reinstated, the petition is granted, and the determination is annulled.
Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to challenge the determination of respondent Zoning Board of Appeals for the Town of Scipio (ZBA) to deny his appeal from an "order to remedy violation" issued by the Code Enforcement Officer (CEO) of respondent Town of Scipio (Town). The CEO had determined that petitioner violated section 110-3 of the Town of Scipio Zoning Law (Zoning Code) by parking his camper trailer on his property within 250 feet of the side and rear property lines. Supreme Court granted respondents' motion to dismiss the petition, and petitioner appeals. We agree with petitioner that the court erred in granting the motion and that the court should have granted his petition.
Addressing first petitioner's procedural contentions, we conclude that the ZBA did not violate the Open Meetings Law (Public Officers Law § 103 [a]). The documentary evidence establishes that everything related to petitioner's appeal was handled in a public session (see generally Matter of Zehner v Board of Educ. of Jordan-Elbridge Cent. School Dist., 91 AD3d 1349, 1349-1350 [4th Dept 2012]). Petitioner did not "allege or present any evidence that a quorum met or consulted with its counsel outside of a public meeting, or that these discussions, if any, were part of an effort to thwart public scrutiny of their process in deliberate violation of the Open Meetings Law" (Matter of Haverstraw Owners Professionals & Entrepreneurs ["H.O.P.E."] v Town of Ramapo Zoning Bd. of Appeals, 151 AD3d 724, 725 [2d Dept 2017]). Inasmuch as there was no violation of Public Officers Law § 103 (a), we reject petitioner's contention that he is entitled to statutory attorney's fees or any additional statutory relief (see Public Officers Law § 107 [2]).
Although petitioner correctly contends that the ZBA violated section 116-4 (D) (2) of the Zoning Code when it permitted an absent member to vote on petitioner's application, and that it violated section 116-4 (E) (2) by failing to issue "findings and conclusions" with respect to its vote, such technical violations were "of no consequence" to the ultimate determination (Smithson v Ilion Hous. Auth., 130 AD2d 965, 967 [4th Dept 1987], affd 72 NY2d 1034 [1988]). We thus conclude that the "nonprejudicial, technical violation[s]" of the Zoning Code had no effect on the ultimate outcome of the matter (Matter of Specht v Town of Cornwall, 13 AD3d 380, 381 [2d [*2]Dept 2004]).
With respect to the merits, generally, "[i]t is well settled that [l]ocal zoning boards have broad discretion, and [a] determination of a zoning board should be sustained on judicial review if it has a rational basis and is supported by substantial evidence . . . The interpretation by a zoning board of its governing code is generally entitled to great deference by the courts" (Matter of Fox v Town of Geneva Zoning Bd. of Appeals, 176 AD3d 1576, 1577 [4th Dept 2019] [internal quotation marks omitted]; see Matter of Freck v Town of Porter, 158 AD3d 1163, 1164-1165 [4th Dept 2018], lv denied 32 NY3d 903 [2018]; see generally Matter of Emmerling v Town of Richmond Zoning Bd. of Appeals, 67 AD3d 1467, 1467-1468 [4th Dept 2009]). In the end, "[s]o long as its interpretation is neither 'irrational, unreasonable nor inconsistent with the governing statute,' it will be upheld" (Matter of New York Botanical Garden v Board of Stds. & Appeals of City of N.Y., 91 NY2d 413, 419 [1998]). "Where, however, the question is one of pure legal interpretation of [a zoning code's] terms, deference to the zoning board is not required" (Fox, 176 AD3d at 1578 [internal quotation marks omitted]; see Emmerling, 67 AD3d at 1468). "[T]he ultimate responsibility of interpreting the law is with the court" (Matter of Turner v Andersen, 50 AD3d 1562, 1562 [4th Dept 2008] [internal quotation marks omitted]).
Here, we agree with petitioner that respondents' interpretation of the Zoning Code is irrational and unreasonable (see generally New York Botanical Garden, 91 NY2d at 419). The "order to remedy violation" stated that petitioner violated the setback requirement set forth in section 110-3 of the Town's Zoning Code, which limits "[t]he number of tents, trailers, houseboats, recreational vehicles, or other portable shelters in a camp" (emphasis added). The Zoning Code, however, defines a "[c]amp" as "[a]ny temporary or portable shelter, such as a tent, recreational vehicle, or trailer" (§ 103-2 [emphasis added]). Respondents do not explain how a trailer or recreational vehicle can constitute both a "[c]amp" as defined in section 103-2 as well as a shelter "in a camp," as defined in section 110-3, and the Zoning Code does not have additional provisions that clarify the issue.
The Zoning Code provides that "[c]amp structures" must be set back at least 250 feet from the property lines of a "camp" (§ 110-3), and defines a "[s]tructure" as "[m]aterials assembled, constructed or erected at a fixed location including a building, the use of which requires location on the ground or attachment to something having location on the ground" (§ 103-2 [emphasis added]). Although petitioner concedes that his trailer was less than 250 feet from his property line, there can be no dispute that petitioner's trailer could be moved, i.e., it was not "at a fixed location" on his property (§ 103-2). Thus, the trailer does not qualify as a "[s]tructure" as defined in the Zoning Code, and we therefore conclude that the trailer cannot be in violation of the setback requirement for structures set forth in section 110-3.
Moreover, in order for petitioner's trailer to be located too close to the property line of a camp in violation of section 110-3, petitioner's property must be understood as a "camp" within the meaning of section 110-3 despite the fact that a camp is defined elsewhere in the Zoning Code as a "temporary or portable shelter, such as a tent, recreational vehicle, or trailer" (§ 103-2). Thus, under respondents' interpretation of the Zoning Code, petitioner committed a violation by putting a "temporary or portable shelter, such as a tent, recreational vehicle, or trailer" (i.e., a camp) inside another "temporary or portable shelter, such as a tent, recreational vehicle, or trailer," which is irrational and unreasonable (see generally New York Botanical Garden, 91 NY2d at 419).
We therefore reverse the judgment, deny the motion, reinstate the petition, grant the petition and annul the determination.
Entered: May 5, 2023
Ann Dillon Flynn
Clerk of the Court